Dempsey v. State 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-93-073-CR

     KAREN O'NEAL DEMPSEY,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the County Court
Bosque County, Texas
Trial Court # 11,412
                                                                                                    

O P I N I O N
                                                                                                    

      The State filed an information against Karen O'Neal Dempsey for driving while intoxicated,
which alleged that she had previously been convicted of the same offense on June 26, 1990. See
Tex. Rev. Civ. Stat. Ann. art. 6701l-1 (Vernon Supp. 1993). Dempsey filed a motion to quash
the information, alleging that the underlying conviction is void. 
      At the hearing on the motion to quash the information, Dempsey asserted that, prior to
waiving her right to counsel and pleading guilty, she had not been admonished of the dangers and
disadvantages of self-representation. She offered certified copies of several instruments from the
1990 conviction. The court admitted the exhibits into evidence and, at the conclusion of the
hearing, denied the motion. After she pleaded guilty and was sentenced, she gave notice of
appeal.
      Article 1.051 of the Code of Criminal Procedure, titled "right to representation by counsel,"
was adopted effective September 1, 1987. Id. art. 1.051 (Vernon Supp. 1993). Although it is
limited to "adversarial judicial proceedings," that term is not defined. Id. The article requires a
court to advise a defendant who wishes to "waive his right to counsel" of the dangers and
disadvantages of self-representation. Id. art. 1.051(g). Dempsey urges us to hold that, because
the judge did not admonish her of the dangers and disadvantages of self-representation before she
pleaded guilty in 1990, the conviction is void and cannot be used to enhance the present charge.
      We have today, however, decided to follow Cooper v. State, 854 S.W.2d 303 (Tex.
App.—Austin 1993, no pet.), where the Austin court, following Johnson v. State, 614 S.W.2d 116
(Tex. Crim. App. 1981) (on rehearing), held that "an admonishment as to the dangers and
disadvantages of self-representation need only be given in cases in which the defendant's guilt is
contested."


 See State v. Finstad, No. 10-93-070-CR, slip op. at 4 (Tex. App.—Waco 1993, no
pet. h.). Because our decision in Finstad decides the issue presented by Dempsey adversely to
her, we overrule her point and affirm the judgment.
 
                                                                                 BILL VANCE
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed December 15, 1993
Do not publish