**Gaylord Loverne LISNEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 59475, 59476.**

Court of Criminal Appeals of Texas, Panel No. 1.

Dec. 13, 1978.

John H. Tull, Jr., Amarillo, for appellant.

Dale Paul Summa, County Atty., Sherman, for the State.

Before ONION, P. J., and ROBERTS and W. C. DAVIS, JJ.

## OPINION

ONION, Presiding Judge.

These are appeals from a conviction for a violation of an occupational driving license restriction and a conviction for driving while intoxicated. Appellant entered pleas of guilty in both causes and the court assessed punishment in the first cause at three (3) days in jail and a fine of $500.00 and in the second cause at thirty-two (32) days in jail and a fine of $500.00.

Appellant contends that the trial court erred in trying him without representation of counsel when the record fails to reflect that he voluntarily and knowingly waived his right to counsel and further fails to reflect that he was made aware of the dangers and disadvantages of self-representation.

■ The majority of the court has held that a person charged with a misdemeanor is entitled to counsel only if imprisonment is actually imposed. *Empy v. State*, 571 S.W.2d 526 (Tex.Cr.App.1978).[1] Thus, in the instant case not only did the possibility of imprisonment exist, but imprisonment was actually imposed on the appellant. He was entitled to counsel.

The State contends that appellant waived his right to counsel and points to various instruments in the record to support that contention.

On the issue of waiver of counsel, this court stated in *Jordan v. State*, 571 S.W.2d 883 (Tex.Cr.App.1978):

"However, an accused may waive his right to counsel if such waiver is made voluntarily with knowledge of the consequences thereof. *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); *Barbour v. State*, 551 S.W.2d 371 (Tex.Cr.App.1977); *Thomas v. State*, 550 S.W.2d 64 (Tex.Cr.App.1977). To assure protection of so fundamental a right, courts indulge every reasonable presumption against waiver of counsel. *Johnson*

---

1. See and cf. *Argersinger v. Hamlin*, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972); *Ex parte Herrin*, 537 S.W.2d 33 (Tex.Cr.App.1976);

*Walker v. State*, 486 S.W.2d 330 (Tex.Cr.App. 1972).

*v. Zerbst,* 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); *Barbour v. State,* supra; *Thomas v. State,* supra. To this extent, this court has held that the record must clearly show that the accused voluntarily, knowingly and intelligently waived his right to counsel in order to assert his right to represent himself. *Thomas v. State,* supra; *Webb v. State,* 533 S.W.2d 780 (Tex.Cr.App.1976). In *Faretta v. California,* supra, the Supreme Court held that the record should reflect that the defendant waived his right to counsel only after being made aware of the advantages and disadvantages of self-representation so that it is clear that he "knows what he is doing and his choice is made with eyes open. 425 U.S. at 835, 95 S.Ct. at 2541."

The record before us contains no statement of facts and both briefs state that no court reporter was present at trial and no testimony was introduced into evidence by the State. The instruments in the record of each cause pointed to by the State to show waiver are:

(1) An instrument entitled "Affidavit and Waiver" which was signed by appellant prior to trial and which states, "The Judge informed me of my right to retain Counsel" and "The Judge informed me of my right to request the appointment of Counsel if I were unable to obtain Counsel."

(2) A document entitled "Waiver of Appointment of Attorney by Defendant Entering Plea of Guilty," also signed by appellant prior to trial, which states, "Now Comes the undersigned Defendant in this cause and represents to the Court that he has no attorney, that he does not intend to employ counsel herein, and that he waives any right he may have, on application therefor, to have the Court appoint an attorney to defend him in this cause."

(3) An instrument entitled "Judgment" of the court which states ". . . said defendant waived representation by counsel . . ."

(4) The "Sentence" instrument which states, "On this day the above entitled and numbered cause being again called, the State appeared by her County Attorney and the defendant appeared in person, having heretofore waived representation by counsel . . ."

(5) The docket sheet entry which reads in part: "Defendant appeared in person, waived representation by an attorney, announced ready for trial, waived trial by jury, waived presentation of testimony on part of the State, and pleaded guilty to the information."

In *Ex parte Ross,* 522 S.W.2d 214 (Tex.Cr. App.1975), we held that instruments containing recitals such as those in this record tended to establish a knowing and intelligent waiver, but that they were not conclusive proof of such fact. We did find proper waiver in that case based on the defendant's testimony coupled with the recitals in the instruments.

Here the instruments are all that we have before us. At best, they show that appellant was informed as to his right to counsel, that he had not retained an attorney and did not intend to do so, that he waived his right to have the court appoint an attorney for him, and that he waived representation by counsel or an attorney. The record does not show the appellant's age, occupation, educational background, previous court experience, etc., so as to show that waiver of the right to counsel was knowing and intelligent; nor was there any showing that appellant was made aware of the disadvantages of self-representation as required by *Faretta v. California,* supra, and *Webb v. State,* supra. As the Supreme Court held in *Carnley v. Cochran,* 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962):

"The record must show . . . that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver."

The record before us not being sufficient to show that appellant knowingly and intel-

ligently waived his right to counsel after being made aware of the advantages and disadvantages of self-representation, the judgments are reversed and the causes are remanded.