Joe JOHNSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 64574.

Court of Criminal Appeals of Texas, Panel No. 3.

Jan. 28, 1981.

On Rehearing April 8, 1981.

Rehearing Denied April 29, 1981.

Richard D. Bird, Childress, for appellant.

Ann Postma Musgrove, County Atty., Childress, Robert Huttash, State's Atty., Austin, for State.

Before ROBERTS, TOM G. DAVIS and W. C. DAVIS, JJ.

## OPINION

W. C. DAVIS, Judge.

This is an appeal from a conviction for the offense of unlawful possession of intoxicating liquors in a dry county. The punishment imposed was payment of a $500 fine and confinement in county jail for thirty days.

The appellant contends that the trial court erred in permitting the appellant to represent himself at trial without an adequate explanation of the disadvantages and dangers of self-representation.

On November 29, 1979, the appellant was convicted after entering a plea of guilty before the trial court. There was no court reporter present at the trial but a tape recording of a portion of the proceeding was made and admitted in evidence during a hearing on appellant's Motion for New

Trial. Appellant's motion was overruled on December 20, 1979.

Within the record appears a magistrate's certificate dated and filed on October 8, 1979 in which the magistrate states in a form, as recited:

"... I informed [the appellant] of the violation of which he was being accused and of any criminal charges which had been filed against him; of his right to have a lawyer; of his right to request a lawyer be appointed for him if he was not able to obtain one and that he would be allowed a reasonable time and opportunity to talk to a lawyer."

The appellant, also in a form waiver, waived his right to counsel on the day of his trial. The waiver, in part, states the following:

"... [The appellant] ... after being informed by the Court of his right to have an attorney appointed to represent him if he is indigent, informs the Court that he wishes to exercise his Constitutional right to proceed to trial without the benefit of counsel and states that he wishes to exercise his Constitutional right to make his own defense. [The appellant] states that he has been informed by the Court and fully understands the dangers and disadvantages of proceeding to trial without the assistance of counsel. [The appellant] further states to the Court that he understands the nature of the charges against him and is fully prepared to enter a plea... [The appellant] prays the Court not to force him to hire an attorney appointed by the Court, but to permit him to represent himself Pro Se."

The transcript of the record made of appellant's trial did not include a reading of the waiver or any explanation of appellant's rights prior to his waiver. The trial court took "judicial notice" that the waiver was read to and explained to the appellant before the recording was started. The trial court in its own bill of exception stated that after appellant's rights had been explained to the appellant, he waived the presence of an attorney. The trial court also in the bill of exception and during the course of the

hearing admitted that the range of punishment was not explained to appellant during the trial. The trial court at the hearing on the Motion for New Trial took judicial notice that the penalty for this offense had been explained to the appellant numerous previous times at previous trials.

During the hearing on the Motion for New Trial, the appellant testified that he was seventy-six years old, that he had a fifth grade education and that he had problems with his vision so that he cannot read very well. The appellant stated he had been arrested and convicted of this offense several times. Each time he was arraigned he would plead not guilty. He would then at trial plead guilty, having used the time between arraignment and trial to raise money to pay the fine. The appellant stated that he was always fined and that he did not know that he could receive a jail sentence for this offense. He added that he would not have pled guilty if he had known that. In addition, he testified that he was indigent and did not know that counsel would be provided if he could not afford to hire an attorney. He thought he would have to hire his own attorney.

The appellant argues that he did not make a valid waiver of his right to assistance of counsel and that the trial court erred in permitting the appellant to represent himself at trial. The Supreme Court of the United States in *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), held that an accused may waive his right to assistance of counsel and assert the option of representing himself at trial. However, in order to accomplish this, the accused must make a knowing, intelligent and voluntary waiver of his right to assistance of counsel after being informed of the dangers and disadvantages of self-representation. *Campbell v. State*, 606 S.W.2d 862 (Tex.Cr.App.1980); *Geeslin v. State*, 600 S.W.2d 309 (Tex.Cr.App.1980); *Renfro v. State*, 586 S.W.2d 496 (Tex.Cr.App.1979). We stated in *Geeslin* that informing the accused of the dangers and disadvantages is a distinct requirement. We stated further that:

" ... [T]he trial court is ... obligated to insure that the defendant waiving his right to counsel is fully aware of the dangers and disadvantages of self-representation. As stated in *Webb v. State*, 533 S.W.2d 780 (Tex.Cr.App.1976), 'The trial court should ... admonish an accused who desires to represent himself regarding the wisdom and the practical consequences of that [desire].' The facts demonstrating the defendant's awareness must affirmatively appear in the record. *Webb v. State*, supra. The defendant should be made aware of the general nature of the offense he is charged with and the possible penalties that may be imposed. *Goodman v. State* [591 S.W.2d 498], supra; cf. *Maynard v. Meachum*, 545 F.2d 273 (1st Cir. 1976). The defendant should be made aware that there are technical rules of evidence and procedure that he will be obligated to comply with and that he will not be granted any special consideration because of his lack of formal training in law. In short, the defendant must be aware that 'he will be on his own in a complex area.' *Trevino v. State*, 555 S.W.2d 750 (Tex.Cr.App.1977)."

In the present case, the only indication whatsoever that appellant was aware of the consequences of self-representation appeared in a form which recited that appellant "fully understands the dangers and disadvantages" of self-representation. There is nothing other than that statement which affirmatively appears in the record which demonstrates the appellant's awareness. It is apparent that the appellant was not warned of the dangers and disadvantages of self-representation. Cf. *Lisney v. State*, 574 S.W.2d 144 (Tex.Cr.App.1978). While we also have serious doubts as to the validity of the voluntariness and intelligence of appellant's waiver of counsel, the failure to warn the appellant of the dangers and disadvantages of self-representation is sufficient to require reversal, *Campbell v. State*, supra.

The judgment is reversed and the cause remanded.

Before the Court en banc.

## OPINION ON STATE'S MOTION FOR REHEARING

TEAGUE, Judge.

Originally, a panel of this Court ordered this cause reversed, holding that the trial court failed to warn appellant of the dangers and disadvantages of self-representation. See *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).

█ This case, however, is not factually a *Faretta* type case and the principles of law announced in *Faretta* are as far removed from this case as is the State of California from our own state. *Faretta* held that the trial court constitutionally erred when it ruled that the defendant in that cause could not represent himself. There is not a scintilla of evidence in this record of either the appellant desiring to represent himself or that he was denied or deprived of his right to counsel at his trial. We do not find appellant ever "triggered" *Faretta*, thereby entitling him to be warned by the trial court of the dangers and disadvantages of self-representation. He entered a plea of guilty voluntarily, knowingly, and intelligently and did not contest his guilt of the offense for which he was charged. See *Nash v. State*, Tex.Cr.App., 591 S.W.2d 460, 463 (1980).

█ Appellant appears to argue that in every misdemeanor case, where an accused person appears in court without counsel, that this automatically "triggers" a requirement that the trial court must admonish the accused of the dangers and disadvantages of self-representation. This, however, is not the law. It is recognized that a person who appears in court without counsel to confess his guilt is equally without counsel as one who appears in court to contest it. However, "self-representation," as enunciated in *Faretta*, applies only to the latter and not to the former. In the former, the issue is not whether the trial court admonished the accused of the dangers and disadvantages of self-representation, but rather whether there was a knowing, voluntary, and intelligent waiver of counsel. We are

not called upon today by this record to answer the question whether appellant understood the dangers and disadvantages of self-representation as the only issue presented by the record that is before the Court is whether appellant voluntarily, knowingly, and intelligently waived his right to counsel. We find he did. The record conclusively shows appellant was totally aware of his right to counsel and waived his right to counsel, but due to the punishment assessed by the trial court, he now "second guesses" himself about his decision to appear in court without counsel. "Second guessing" is not the equivalent nor is it synonymous with being deprived of one's right to counsel, and we so hold.[1]

The facts of this cause show that on October 5, 1979, a complaint and information were filed against appellant for illegally possessing beer and whiskey for the purpose of sale. He was thereafter arrested and taken before the presiding judge of the County Court at Law of Childress County on October 8, 1979, where the judge, acting as a magistrate, pursuant to Art. 15.17, C.C.P., advised the appellant orally and in writing:

... I informed him of the violation of which he was being accused and of any criminal charges which had been filed against him; of his right to have a lawyer; of his right to request a lawyer be appointed for him if he was not able to obtain one and that he would be allowed a reasonable time and opportunity to talk to a lawyer if he so desired. At that time, he told me that he did not want a lawyer. I further informed him that he was not required to make a statement and that any statement he did make might be used against him.

Appellant acknowledged this "information" by signing the written instrument that contains the above. Appellant thereafter appeared in court on November 29, 1979, waived in writing his right to trial by jury, right to counsel and, as reflected by the judgment, "after being duly admonished of the consequences [of his plea]," entered a plea of guilty to the accusation and was assessed punishment at 30 days in the Childress County jail and a fine of $500. There was no plea bargain agreement between appellant and the prosecutor.

1. However commendable it may be for a trial judge to admonish one accused of a misdemeanor offense, as he must where a person is charged with a felony, see Art. 26.13, V.A.T.C.C.P., hereinafter cited as C.C.P., there is no requirement in Texas law for a trial court to admonish an accused person of anything if the offense is classified as a misdemeanor. The only thing we find in our law in this regard is the fact that an accused person shall be arraigned in a misdemeanor case if the punishment calls for imprisonment, see Art. 26.01, C.C.P. If it is determined at the arraignment or at any time prior to arraignment that the accused is too poor to employ counsel, then counsel is to be appointed by the trial court unless the accused affirmatively waives his right to counsel. See Art. 26.04, C.C.P. As to the admonishment provisions of Art. 26.13, C.C.P., these apply only to felony, not misdemeanor offenses. See *Nash,* supra; *Gallegos v. State,* Tex.Cr.App., 425 S.W.2d 648 (1968); *Johnson v. State,* 39 Tex.Cr.R. 625, 48 S.W. 70 (1898); *Scott v. State,* 29 Tex.App. 217, 15 S.W. 814 (1890); and *Berliner v. State,* 6 Tex.App. 181 (1879). See also Art. 27.14(a), C.C.P.

We observe, however, from a transcription of a tape recording of part of the plea proceedings, which was offered into evidence by present counsel for appellant at the hearing on the motion for new trial, that the trial court asked appellant, before appellant entered his plea of guilty: "You don't want to call an attorney and talk to him before this proceeding?" "Just go ahead?" "Okay." After receiving no response from appellant, the trial court then asked appellant what plea he wished to enter to the charge, and appellant told him: "Guilty." The trial judge then inquired of appellant if anyone had promised him anything to plead guilty, if anybody had coerced him into pleading guilty, and after receiving negative responses, stated into the record: "You are pleading guilty because you are guilty, is that correct?" and then said: "Okay. The Court is going to accept your plea of guilty and find you guilty, based upon that plea at this time." The trial court asked Musgrove if she had a recommendation to make and she responded she "has not made a recommendation in this case." Thereafter, the trial judge conducted a "punishment" hearing, after which he assessed punishment. The trial judge in this case did far more than was required under law. The reason he did not admonish appellant as to the range of punishment was because "the penalty phase of this violation has been explained to Mr. Johnson many times ... numerous other times, it had been explained to him."

It is apparent from this record that what happened to appellant was not that he was denied his right to counsel or his right of self-representation, but has to do with past dispositions of like criminal cases filed against appellant. Previously, by the record, appellant appeared in County Court many times for the very same offense as at bar; illegally possessing and selling beer and whiskey to his fellow citizens. The record reflects appellant would appear in court at the arraignment, plead not guilty, obtain a new court setting, using the time between the arraignment and the new court date to obtain necessary funds to pay the anticipated fine and court costs he felt would be assessed, or would plead guilty and take the time allowed for filing of a motion for new trial to obtain necessary funds to pay the fine and court costs assessed. There is no question from this record that in the past when appellant went to court he hit the mark as to what was going to happen, as to the disposition of the case, as each time he merely paid a fine and court costs for his transgressions. But, now that he missed the mark in this cause, he claims the system did not play fair with him, contending he was deprived of his constitutional rights. We do not agree.

The record itself belies the contention advanced that appellant wanted counsel on the morning in question. Appellant has known his present attorney for over 30 years, "ever since I started out." This record also reveals that on his way to court that morning, appellant stopped by present counsel's office, and told counsel he was going to court. Counsel inquired of appellant what the normal fine was for the offense, with appellant telling him: "In the neighborhood of $200.00" Counsel then advised him: "And did I tell you to come on down here, if that was all it was, to come on down and pay your fine?" with appellant acknowledging he did. Appellant then left the lawyer's office and proceeded to the courthouse where he contacted Ms. Musgrove, the County Attorney, and advised her he wanted to change his plea to guilty from not guilty, and "pay his fine."[2] Appellant thereafter went to court, pled guilty, but then received what to him, we are sure, was a not so pleasant surprise. Appellant's testimony that: "If I knew it was going to be like it was, I would have wanted an attorney, yes." and "If [I] knew what the Judge was going to set [I] would have hired an attorney," really tells the whole story of this case. *"They have never given me a jail sentence."* (Emphasis added.)

We must agree with the Assistant State's Attorney that what the issue boils down to in this cause is that appellant guessed and he guessed wrong on that eventful morning. "But bad guesses don't have anything to do with 'voluntary' or 'intelligent' [waiver of the right to counsel]." ". . . we see dominating evidence in this case which points to a voluntary and intelligent waiver of counsel, based on a rather intelligent, although incorrect, guess." Compare *Nash*, supra.

■ Appellant's complaint, it appears, is really that because he was deceived by his thinking, deceived because what happened in the past did not happen this time, this does not constitute waiver of counsel. This kind of "deception," on the part of appellant, does not call for a conviction to be lawfully set aside.

■ We find from the record there was a knowing and intelligent waiver of appellant's constitutional right to counsel. To the extent that *Lisney v. State*, 574 S.W.2d 144 (Tex.Cr.App.1978), conflicts with the holding we announce today, it is overruled.

For the above stated reasons, appellant's contentions that he did not waive his right to counsel and right to trial by jury, that

2. There is nothing in the record to indicate Musgrove, when she and appellant conversed, was aware the trial court would assess the punishment he later did. Had the record showed this to be true, then, of course, another question would be present. However, appellant does not claim he was "sandbagged" by the county attorney when he informed her he was going to change his plea and "pay his fine." For all we know from this record, Musgrove was as surprised as appellant by the punishment assessed by the trial judge.

the trial court failed to admonish him of the range of punishment, of the dangers and disadvantages of self-representation, and the right to have counsel appointed to represent him, are all overruled.

■ Appellant also contends that he was wrongfully sentenced by the trial court. We do not agree. As previously noted, appellant did not accept the punishment assessed the day he pled guilty, but chose to take the time allowed by law for the filing of a motion for new trial and sentencing. See Art. 40.05, C.C.P. His punishment was assessed on November 29, 1979. On December 5, 1979, his present counsel filed an original motion for new trial, which was permitted by the trial court to be amended on the day of the hearing, December 20, 1979, after which hearing the motion was overruled. Appellant was then sentenced and he then gave oral notice of appeal to this Court. We reject his contention for the judgment signed on November 29, 1979, does not contain a sentence but merely the pronouncement of the punishment assessed. See Art. 42.01(10), C.C.P. We do observe, however, that the formal sentence erroneously reflects that sentencing occurred on December 11, 1979, while the record reflects that it occurred on December 20, 1979, after the trial court overruled the motion for new trial. As this Court has sufficient data before it, we reform the formal sentence to reflect that sentencing of appellant occurred on December 20, 1979. See Art. 44.24, C.C.P.

■ Appellant lastly complains that the trial court "took into consideration his personal knowledge of the prior offenses committed by the appellant, even though same was not in evidence, in the setting of the "punishment." The transcription of the tape recording, which partially recorded the plea proceedings, reflects that after appellant pled guilty, several law enforcement officials testified without objection against appellant at the "punishment" hearing. Cf. Art. 37.07, C.C.P. Their testimony showed that as a result of the execution of a search warrant, they seized at appellant's residence 112 bottles of whiskey, vodka, rum, wine, and gin, 13 cases of beer, and some cans of beer. Appellant was charged with possessing these items of contraband. Although the record shows that the trial judge knew appellant when he was employed as county attorney, there is no showing in this record that he assessed punishment based on facts other than those in this case. Appellant's ground of error is overruled.

Therefore, the State's motion for rehearing is granted, the reversal is ordered set aside and judgment of affirmance is now entered, and the sentence is reformed to reflect it occurred on December 20, 1979.

TOM G. DAVIS and DALLY, JJ., concur.

ONION, P. J., and ROBERTS and W. C. DAVIS, JJ., dissent.