Gary Allen COOPER, Appellant,

v.

The STATE of Texas, Appellee.

No. 3-92-352-CR.

Court of Appeals of Texas,
Austin.

May 26, 1993.

Ray Bass, Austin, for appellant.

Billy Ray Stubblefield, Williamson County Atty., John R. Duer, Asst. County Atty., Georgetown, for appellee.

Before POWERS, KIDD and DAVIS,* JJ.

* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. *See*

## ON MOTION FOR REHEARING

DAVIS, Justice.

The motion for rehearing, filed by the State's prosecuting attorney, directs our attention to *Johnson v. State*, 614 S.W.2d 116, 119 (Tex.Crim.App.1981) (opinion on rehearing), as authority for an exception to the rule followed by our opinion on original submission. We withdraw our prior opinion and judgment, handed down by this Court on March 17, 1993, and adopt the following as the opinion of the Court.

After the court denied appellant's request for appointment of an attorney, appellant waived counsel and entered a plea of no contest to the offense of driving while intoxicated. *See* Tex.Rev.Civ.Stat. Ann. art. 6701*l*-1 (West Supp.1993). The court assessed punishment at confinement in county jail for one hundred-eighty days, probated for twenty-four months, and a fine of one thousand dollars, six hundred dollars of which was probated.

In a single point of error, appellant asserts that the trial court abused its discretion in overruling his motion for new trial. More specifically, appellant complains that his plea was involuntary as a result of the court's denial of appellant's request for appointment of an attorney and the court's failure to advise appellant of the dangers and disadvantages of self-representation.

At the hearing on the motion for new trial, it was developed that appellant initially entered a plea of not guilty (also reflected by the first entry on the docket sheet) and requested appointment of counsel. Following the trial court's action in denying appellant's request for appointed counsel, appellant entered a plea of no contest. The trial court advised appellant that he could speak to the prosecutor in an effort to work out a satisfactory disposition of the case. In the event appellant and the prosecutor were unable to reach an agreeable resolution of the case, the trial court advised appellant that he could withdraw

Tex.Gov't Code Ann. § 74.003(b) (West 1988).

his plea of no contest and enter a plea of not guilty.

After a discussion with the prosecutor, appellant again appeared before the court and executed a document reflecting that he had been admonished, and understood, that he had a right to be represented by counsel and a right to trial by jury. The instrument further recites that appellant received these admonishments in open court from the judge and stated, "I hereby waive the foregoing rights and enter my plea of no contest to the offense of driving while intoxicated."

Recently, the Court of Criminal Appeals stated that in cases in which the defendant represents himself at trial, "the record must be sufficient for the reviewing court to make an assessment that the defendant was made aware of the dangers and disadvantages of self-representation." *Goffney v. State*, 843 S.W.2d 583, 585 (Tex.Crim. App.1992). The court concluded that the failure of the record to contain admonishments of the dangers and disadvantages of self-representation does not meet the requirements of *Farretta v. California*, 422 U.S. 806, 835, 95 S.Ct. 2525, 2541, 45 L.Ed.2d 562 (1975). *Goffney*'s appeals were from two misdemeanor convictions, one of which was the offense of driving while intoxicated. Unlike the instant cause, the defendant in *Goffney* contested his guilt.

In *Johnson*, the court held that an admonishment as to the dangers and disadvantages of self-representation need only be given in cases in which the defendant's guilt is contested. The *Johnson* court found that where the defendant appears in court and confesses his guilt, "the issue is not whether the trial court admonished the accused of the dangers and disadvantages of self-representation, but rather whether there was a knowing, voluntary and intelligent waiver of counsel." 614 S.W.2d at 120.

The *Goffney* court did not refer to the *Johnson* opinion. It is not for us, as an intermediate appellate court, to presume that the *Goffney* court intended to overrule *Johnson*. We must assume that *Johnson*

remains good law, and that a misdemeanor defendant who appears without counsel to confess his guilt need not be admonished of the disadvantages of self-representation.

It is undisputed that appellant entered his plea of guilty without counsel after being fully advised of his right to counsel. The record further establishes that appellant understood his right to counsel and voluntarily waived it. The waiver was not rendered ineffective because appellant was not advised of the dangers and disadvantages of self-representation. Appellant's point of error is overruled.

The State Prosecuting Attorney's motion for rehearing is granted. The judgment is affirmed.