cr2-352 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 



ON MOTION FOR REHEARING


 




NO. 3-92-352-CR




GARY ALLEN COOPER,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE COUNTY COURT AT LAW NO. 2 OF WILLIAMSON COUNTY



NO. 34298-2, HONORABLE ROBERT F. B. MORSE, JUDGE PRESIDING



 





 The motion for rehearing, filed by the State's prosecuting attorney, directs our
attention to Johnson v. State, 614 S.W.2d 116, 119 (Tex. Crim. App. 1981) (opinion on
rehearing), as authority for an exception to the rule followed by our opinion on original
submission. We withdraw our prior opinion and judgment, handed down by this Court on March
17, 1993, and adopt the following as the opinion of the Court.

 After the court denied appellant's request for appointment of an attorney, appellant
waived counsel and entered a plea of no contest to the offense of driving while intoxicated. See
Tex. Rev. Civ. Stat. Ann. art. 6701l-1 (West Supp. 1993). The court assessed punishment at
confinement in county jail for one hundred-eighty days, probated for twenty-four months, and a
fine of one thousand dollars, six hundred dollars of which was probated. 

 In a single point of error, appellant asserts that the trial court abused its discretion
in overruling his motion for new trial. More specifically, appellant complains that his plea was
involuntary as a result of the court's denial of appellant's request for appointment of an attorney
and the court's failure to advise appellant of the dangers and disadvantages of self-representation.

 At the hearing on the motion for new trial, it was developed that appellant initially
entered a plea of not guilty (also reflected by the first entry on the docket sheet) and requested
appointment of counsel. Following the trial court's action in denying appellant's request for
appointed counsel, appellant entered a plea of no contest. The trial court advised appellant that
he could speak to the prosecutor in an effort to work out a satisfactory disposition of the case. 
In the event appellant and the prosecutor were unable to reach an agreeable resolution of the case,
the trial court advised appellant that he could withdraw his plea of no contest and enter a plea of
not guilty.

 After a discussion with the prosecutor, appellant again appeared before the court
and executed a document reflecting that he had been admonished, and understood, that he had a
right to be represented by counsel and a right to trial by jury. The instrument further recites that
appellant received these admonishments in open court from the judge and stated, "I hereby waive
the foregoing rights and enter my plea of no contest to the offense of driving while intoxicated."

 Recently, the Court of Criminal Appeals stated that in cases in which the defendant
represents himself at trial, "the record must be sufficient for the reviewing court to make an
assessment that the defendant was made aware of the dangers and disadvantages of self-representation." Goffney v. State, 843 S.W.2d 583, 585 (Tex. Crim. App. 1992). The court
concluded that the failure of the record to contain admonishments of the dangers and
disadvantages of self-representation does not meet the requirements of Farretta v. California, 422
U.S. 806, 835 (1975). Goffney's appeals were from two misdemeanor convictions, one of which
was the offense of driving while intoxicated. Unlike the instant cause, the defendant in Goffney
contested his guilt.

 In Johnson, the court held that an admonishment as to the dangers and
disadvantages of self-representation need only be given in cases in which the defendant's guilt is
contested. The Johnson court found that where the defendant appears in court and confesses his
guilt, "the issue is not whether the trial court admonished the accused of the dangers and
disadvantages of self-representation, but rather whether there was a knowing, voluntary and
intelligent waiver of counsel." 614 S.W.2d at 120.

 The Goffney court did not refer to the Johnson opinion. It is not for us, as an
intermediate appellate court, to presume that the Goffney court intended to overrule Johnson. We
must assume that Johnson remains good law, and that a misdemeanor defendant who appears
without counsel to confess his guilt need not be admonished of the disadvantages of self-representation.

 It is undisputed that appellant entered his plea of guilty without counsel after being
fully advised of his right to counsel. The record further establishes that appellant understood his
right to counsel and voluntarily waived it. The waiver was not rendered ineffective because
appellant was not advised of the dangers and disadvantages of self-representation. Appellant's
point of error is overruled.

 The State Prosecuting Attorney's motion for rehearing is granted. The judgment
is affirmed. 



 

 Tom G. Davis, Justice

[Before Justices Powers, Kidd and Davis*]

Affirmed

Filed: May 26, 1993

[Publish]



* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. See
Tex. Gov't Code Ann. § 74.003(b) (West 1988).