TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-97-00225-CR

John Lee Holley, Appellant

v.

The State of Texas, Appellee

FROM THE COUNTY COURT OF BURNET COUNTY

NO. M10540, HONORABLE MARTIN MCLEAN, JUDGE PRESIDING

 John Lee Holley, appellant, pleaded guilty to the misdemeanor offense of driving while
intoxicated. See Tex. Penal Code Ann. § 49.04 (West 1994 & Supp. 1998). Before the court accepted
Holley's plea, Holley signed a document waiving his right to counsel. The trial court assessed punishment
at thirty days' confinement, probated for one year, and a fine. In one point of error, Holley asserts that the
trial court failed to make the proper inquiry into whether Holley waived his right to counsel knowingly,
intelligently and voluntarily. See Johnson v. State, 614 S.W.2d 116, 119 (Tex. Crim. App. 1981). Holley
contends that Johnson requires a court to admonish a defendant of the dangers and disadvantages of self
representation before allowing him to proceed without counsel in order to assure that the waiver is
knowing, intelligent, and voluntary. However, in its opinion on rehearing, the court of criminal appeals
affirmed Johnson's conviction, concluding that when a misdemeanor defendant pleads guilty, the type of
inquiry and admonishments required by Faretta v. California, 422 U.S. 806, 835 (1975), are not
required as long as the waiver is otherwise knowing, intelligent, and voluntary. Johnson, 614 S.W.2d at
119 (opinion on reh'g); see Cooper v. State, 854 S.W.2d 303, 304 (Tex. App.--Austin 1993, no pet.);
Garcia v. State, 909 S.W.2d 563, 565 (Tex. App.--El Paso 1995, pet. ref'd); Barras v. State, 902
S.W.2d 178, 180 (Tex. App.--El Paso 1995, pet. ref'd).

 The defendant in Johnson received information in writing and orally informing him of his
right to counsel. Id. at 120. In the present case, the record establishes that in the written waiver of counsel
he signed, Holley was likewise informed of his right to counsel and the dangers involved in representing
himself. The trial court orally verified that Holley did not want counsel. There is no evidence in the record
to the contrary, nor is there evidence Holley was intimidated or coerced into signing the waiver. We
conclude that the record adequately shows appellant's waiver to have been made knowingly, intelligently,
and voluntarily. Holley was not entitled to the active and complete inquiry into the waiver that he requests.

 Appellant's point of error is overruled, and the judgment of conviction is affirmed.

 

 J. Woodfin Jones, Justice

Before Chief Justice Carroll, Justices Jones and Kidd; Chief Justice Carroll not participating

Affirmed

Filed: February 20, 1998

Do Not Publish