Nos. 04-00-00518-CR & 04-00-00519-CR 



Everett HARTWELL,


Appellant



v.



The STATE of Texas,


Appellee



From the County Court at Law Number 8, Bexar County, Texas


Trial Court Nos. 716064 & 718578 


Honorable Henry Schuble, Judge Presiding



Opinion by: Catherine Stone, Justice


Sitting: Phil Hardberger, Chief Justice

 Tom Rickhoff, Justice

 Catherine Stone, Justice


Delivered and Filed: April 25, 2001


AFFIRMED

 Everett Hartwell plead no contest to misdemeanor offenses of criminal mischief and theft by
check, pursuant to a plea bargain. The trial court assessed punishment at 90 days in the Bexar
County Jail and a $500 fine on the criminal mischief charge and placed Hartwell on probation for two
years on the theft by check charge. Hartwell claims in two points of error that his pleas were
involuntary because the trial court failed to properly admonish him according to Tex. Code Crim.
Proc. Ann. art. 26.13(a)(2) and (3) (Vernon 1989), and because the trial court did not make a
determination on mental competency according to article 26.13(b).

 Texas courts have consistently held that trial courts are not required to provide misdemeanor
defendants with article 26.13 admonishments. Johnson v. State, 614 S.W.2d 116, 120 n.1 (Tex.
Crim. App. 1981) (op. on reh'g); McGuire v. State, 617 S.W.2d 259, 261 (Tex. Crim. App. 1981).
Simply put, article 26.13 requires admonishments only in felony cases and does not apply to
misdemeanor cases. In Johnson, Judge Teaque wrote:

 However commendable it may be for a trial judge to admonish one accused of a
misdemeanor offense, as he must where a person is charged with a felony, see Article
26.13, V.A.T.C.C.P., ... there is no requirement in Texas law for a trial court to
admonish an accused person of anything if the offense is classified as a misdemeanor.


Johnson, 614 S.W.2d at 120 n.1. 

 In the instant case, the trial court gave some admonishments, though it was not required to
do so. The court asked Hartwell if his attorney had gone over the admonitions with him. Hartwell
responded affirmatively. Because the trial court was not required to admonish Hartwell, we overrule
issue one.

 In issue two, Hartwell complains that the trial court failed to make a determination of mental
competency as required under Tex. Code Crim. Proc. Ann. art. 26.13(b) (Vernon 1989). However,
Article 26.13 applies only to felony pleas of guilty or nolo contendere. See State v. Jimenez, 987
S.W.2d 886, 889 (Tex. Crim. App. 1999); Alvear v. State, 25 S.W.3d 241, 246 (Tex. App.-San
Antonio 2000, no pet.). Even if 26.13(b) applied, Hartwell still failed to raise the issue of mental
competency at the time of the plea. See Hall v. State, 935 S.W.2d 852, 855 (Tex. App.-San Antonio
1996, no pet.) (stating that "[u]nless an issue of an accused's mental competency is raised at the time
of the plea, the trial court need not inquire into the accused's mental competency, and it is not error
for the trial court to accept the plea"). In the instant case, the trial court was able to observe Hartwell
and converse with him and stated that he appeared mentally competent in the judgment. Hartwell did
not object to the court's finding nor did he raise the issue of mental competency. Therefore, if we
applied 26.13 to misdemeanor cases, the trial court did comply with Tex. Code Crim. Proc. Ann.
art. 26.13(b) (Vernon 1989). We overrule issue two. 

 The judgments of the trial court are affirmed. 


 Catherine Stone, Justice

DO NOT PUBLISH