Opinion filed March 1, 2007















 
 
  
 
 







 
 
  
 
 




Opinion filed March 1, 2007

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-05-00278-CR

                                                    __________

 

                                     STEVE NUEL LONG, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS,
Appellee

 



 

                                  On
Appeal from the County Court at Law No. 1

                                                           Ector County, Texas

                                                  Trial
Court Cause No. 05-1763

 



 

                                                                   O
P I N I O N

 

After waiving his right to counsel and to a jury
trial, Steve Nuel Long entered an open plea of guilty to the offense of
interfering with an emergency call, a Class A misdemeanor under Tex. Pen. Code Ann. ' 42.062 (Vernon Supp. 2006).  The trial court convicted appellant and
assessed his punishment at confinement in county jail for one year and an $800
fine.  Based upon appellant=s application for community
supervision, the trial court suspended the imposition of confinement and placed
appellant on community supervision for eighteen months.  We affirm. 









In his sole issue on appeal, appellant contends
that the trial court erred in accepting appellant=s
guilty plea absent a knowing and intelligent waiver of his constitutional right
to counsel.  The record shows that
appellant waived his right to counsel and did not contest his guilt of this
misdemeanor offense.  Because appellant pleaded
guilty and did not contest his guilt, the trial court was only required to
determine whether appellant=s
waiver of the right to counsel was knowing, intelligent, and voluntary; it was
not required to admonish him of the dangers and disadvantages of self‑representation.  Hatten v. State, 71 S.W.3d 332, 334 (Tex. Crim. App. 2002); Johnson
v. State, 614 S.W.2d 116 (Tex. Crim. App. 1981).  Moreover, if a defendant in a misdemeanor
case where guilt is not contested signs a written waiver of counsel in court
and there is no contradicting evidence or any evidence that the defendant was
coerced or intimidated, the record is sufficient to support a finding that the
defendant=s waiver
of counsel was valid.  Hatten v. State,
89 S.W.3d 160, 163  (Tex. App.CTexarkana
2002, no pet.).  

Although there is no reporter=s record from the plea proceedings, the
clerk=s record
contains a written waiver of rights signed by appellant, the prosecutor, and
the presiding judge.  According to the
written waiver, appellant was duly admonished of his right to be represented by
legal counsel and his right to have legal counsel appointed if he could not
afford to employ counsel.  The written
waiver further states that the trial court told appellant of the disadvantages
of representing himself and the advantages of having legal counsel.  Appellant averred that he understood his
right to counsel but that he wished to waive that right.  Furthermore, the judgment reflects that
appellant appeared in court, waived his right to counsel in open court, and
then proceeded to plead guilty.  There is
nothing in the record that indicates appellant was coerced or intimidated or
that his waiver of the right to counsel was not made knowingly or
intelligently.  Consequently, we cannot
find that the trial court erred in accepting appellant=s
guilty plea.  Appellant=s issue on appeal is overruled.             The
judgment of the trial court is affirmed. 


 

 

RICK STRANGE

JUSTICE

March 1, 2007

Do not publish.  See
Tex. R. App. P. 47.2(b). 

Panel
consists of: Wright, C.J.,

McCall,
J., and Strange, J.