COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-079-CR

GREGORY CLARK STRINGHAM APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 43RD DISTRICT COURT OF PARKER COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)
 

  ------------  

Appellant Gregory Clark Stringham appeals the trial court’s decision to grant the State’s motion to revoke his community supervision.  In his first two issues, he contends that the trial court denied him the right to be heard “by himself” by refusing to permit him to address the court and by failing to inquire about his objections to his trial counsel at the hearing on the State’s motion to revoke.  In his third issue, appellant complains that his trial counsel was ineffective.  We reverse and remand for a new hearing on the State’s motion to revoke appellant’s community supervision.

On June 11, 2001, appellant pleaded guilty to assault of a public servant.  The trial court sentenced appellant to ten years’ confinement with a $2,000 fine pursuant to a plea agreement.  Appellant’s confinement, however, was suspended, and he was placed on community supervision for six years.   

On August 16, 2005, the State filed a motion to revoke appellant’s community supervision, alleging that he had failed to report to his community supervision officer for two months, that he had failed to timely pay his monthly fees, and that he had failed to submit to a urine analysis test.  On March 8, 2006, after a hearing on the State’s motion, the trial court found that appellant had violated the terms of his community supervision, revoked his community supervision, and sentenced him to five years’ imprisonment.

In his first and second issues, appellant complains that the trial court did not address his objections to his trial counsel during the revocation hearing in violation of “his right of being heard by himself,” as guaranteed by article I, section 10 of the Texas Constitution, and in violation of his Sixth Amendment right to effective assistance of counsel. 

At the beginning of the hearing on the State’s motion to revoke his community supervision, appellant interjected, “I would first like to object to my counsel,” to which the trial court responded, “No, no.  I’m not talking about you.  I’m talking about the State’s counsel.”  According to appellant, he also objected to his trial counsel during the State’s cross-examination by asserting that his prior trial counsel had been unwilling to help him and that he was “innocent” and “did not make an agreement to be incarcerated.”

The State asserts that appellant failed to preserve his argument for our review because he did not complain about his right to be heard “by himself” in the trial court.  We disagree.  

Under rule 33.1(a)(1) of the rules of appellate procedure, to preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion.
(footnote: 2)  Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court’s refusal to rule.
(footnote: 3)
 Although appellant did not state the specific grounds for his objection to his attorney at the hearing on the State’s motion to revoke his community supervision, we conclude that the grounds of his objection were clear from the context of the request and that the trial court ruled on his objection by stating, “No, no.  I’m not talking about you.”  The record shows that less than two months before the hearing on the State’s motion, appellant had filed a pro se letter with the trial court, stating:

This is my official notification to the court that [my appointed attorney] does not represent me, he is of now fired. . . . I am representing myself at this point.  If or when a hearing occurs[,] I need notice and maybe a little help in the subpoena process. 

Seven days after appellant filed this pro se letter, Dwight Denman, appellant’s appointed trial counsel, filed a motion to withdraw, acknowledging that appellant “no longer desire[d] that [he] . . . represent him and desire[d] to be self-represented or ‘pro se.’”  The trial court denied Denman’s motion.  From the time that the trial court denied Denman’s motion to withdraw to the date of the hearing on the State’s motion to revoke, appellant took no actions that were inconsistent with his desire to represent himself.  Thus, from the context of the record in front of the trial judge at the time of appellant’s objection to his attorney, we believe that appellant’s objection was sufficient to preserve for our review his complaint that he was denied the right to be heard “by himself,” i.e., pro se, in violation of the Sixth Amendment and article I, section 10 of the Texas Constitution. 

The Sixth and Fourteenth Amendments to the United States Constitution guarantee that a person brought to trial in any state or federal court has the right to self-representation.
(footnote: 4)  
A defendant also has a right to be represented by counsel, or to the concomitant right of self-representation
, at a community supervision revocation hearing.
(footnote: 5) The right to self-representation does not attach, however, until it has been clearly, unequivocally, and timely asserted, generally before a jury is empaneled.
(footnote: 6) 

Once the right to self-representation has been asserted, the trial judge is obliged to determine, at a minimum, whether the waiver of the right to counsel was knowing, intelligent, and voluntary.
(footnote: 7)  Thereafter, if the accused maintains his desire to proceed pro se, he should be allowed to do so as long as the assertion of his right to self-representation is unconditional and not asserted to disrupt or delay the proceedings.
(footnote: 8)  Although an exercise of the right of self-representation may cause some inconvenience or even disruption in the trial proceedings, so long as it is not a calculated obstruction, this delay cannot deprive the accused of the right once properly asserted.
(footnote: 9)  An accused must be permitted to conduct his own defense, even if to his own detriment, if that is his informed choice.
(footnote: 10) A defendant's clear and unequivocal request for self-representation, followed by an unmistakable denial of that right, is sufficient to preserve the alleged error.
(footnote: 11)
 In this case, appellant clearly and unequivocally stated that he wished to represent himself in his pro se letter approximately two months before the hearing on the motion to revoke.  Appellant’s desire was corroborated by Denman’s motion to withdraw. Although appellant did state some discontentment with Denman in his letter, he did not request a new attorney, he did not attach any conditions to his request for self-representation, and he continued to object to his attorney at the hearing on the motion to revoke.  Appellant’s request for self-representation was not untimely because it was made approximately two months before the hearing on the State’s motion.  Further, the State has not cited and we have not found any evidence to show that appellant was asserting his right to self-representation for the purposes of delay.
(footnote: 12)  Therefore, because appellant clearly, unequivocally, and timely asserted his right to self-representation, the trial court erred by not determining, at a minimum, whether appellant knowingly, voluntarily, and intelligently waived his right to counsel
(footnote: 13) before denying appellant’s request for self-representation.
(footnote: 14)
 The denial of the right to self-representation is not subject to harmless error analysis.
(footnote: 15)  Therefore, we sustain appellant’s first and second issues.

Having sustained appellant’s first and second issues, we reverse the trial court’s judgment and remand the case for a new hearing on the State’s motion to revoke appellant’s community supervision after the trial court first determines whether appellant’s waiver of his right to counsel was knowing, intelligent, and voluntary.
(footnote: 16)  

PER CURIAM

PANEL A:  CAYCE, C.J.; LIVINGSTON and MCCOY, JJ.

DO NOT PUBLISH 

Tex. R. App. P.
 47.2(b)

DELIVERED:  APRIL 12, 2007 
 

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Tex. R. App. P.
 33.1(a)(1); 
Mosley v. State
, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998), 
cert. denied
, 526 U.S. 1070 (1999). 

3:
Tex. R. App. P.
 33.1(a)(2); 
Mendez v. State
, 138 S.W.3d 334, 338 (Tex. Crim. App. 2004).

4:
See Faretta v. California
, 422 U.S. 806, 819-20, 95 S. Ct. 2525, 2533 (1975);
 Moore v. State
, 999 S.W.2d 385, 396 (Tex. Crim. App. 1999), 
cert. denied
, 530 U.S. 1216 (2000)
. 

5:
See Hatten v. State
, 71 S.W.3d 332, 333 & n.1 (Tex. Crim. App. 2002) (stating that the right to counsel is concomitant with the right to self-representation and that a defendant has a right to counsel at a revocation hearing).  In 
Hatten
, the court of criminal appeals concluded that although a defendant has a constitutional right to self-representation at a revocation hearing, the admonishment requirements of 
Faretta 
are not invoked by a misdemeanor defendant who waives his right to representation by counsel and does not contest his guilt.  
Id.
 at 334.  The trial court is, however, required to determine whether the waiver of right to counsel was knowing, intelligent, and voluntary, which is a separate issue from the entitlement to admonishments under 
Faretta
.  
Id.
 at 334-35. 

6:
See McDuff v. State
, 939 S.W.2d 607, 619 (Tex. Crim. App.), 
cert. denied
, 522 U.S. 844 (1997);
 Ex parte Winton
, 837 S.W.2d 134, 135 (Tex. Crim. App. 1992). 

7:
See 
Hatten
, 71 S.W.3d at 334-35; 
see also Faretta,
 422 U.S. at 835, 95 S. Ct. at 2541; 
Winton
, 837 S.W.2d at 135 (both describing the admonishments the trial court must make when a defendant asserts his right to self-representation in criminal cases other than revocation proceedings).

8:
See Faretta,
 422 U.S. at 835, 95 S. Ct. at 2541; 
Winton
, 837 S.W.2d at 135.

9:
See Scarbrough v. State
, 777 S.W.2d 83, 92 (Tex. Crim. App. 1989). 

10:
See Faretta,
 422 U.S. at 834, 95 S. Ct. at 2541; 
Scarbrough
, 777 S.W.2d at 92. 

11:
See Funderburg v. State
, 717 S.W.2d 637, 642 n.6 (Tex. Crim. App. 1986).

12:
See, e. g., Winton
, 837 S.W.2d at 136 (holding that because the trial judge found no evidence that appellant's assertion of his right to self-representation was untimely, conditional, or that it would have been disruptive or dilatory, there was no justification for denying that right); 
Scarbrough
, 777 S.W.2d at 94 n.3 (noting that courts should “hesitate to deny an asserted right to self representation solely on the basis of predictions of likely recalcitrant behavior. . . . [W]e find no support in the record to justify concluding appellant’s assertion of his right to self representation was calculated to obstruct, or would likely result in a farce and mockery of justice and the judicial process.”); 
Johnson v. State
, 676 S.W.2d 416, 420 (Tex.  Crim. App. 1984) (reversing a decision denying appellant the right to self-representation, noting “there is not anything in this record that would reflect that had the trial judge honored appellant’s demand for self-representation at that point in time, [it] would have caused such a disruption of the proceedings as to have affected the administration of justice.”)
.

13:
See Hatten
, 71 S.W.3d at 334 (stating that when appellant does not contest his guilt, “this issue is not whether the trial court admonished the accused of the dangers and disadvantages of self-representation (pursuant to 
Faretta
), but rather whether there was a knowing, voluntary, and intelligent waiver of counsel.”) (quoting 
Johnson
, 614 S.W.2d 116, 119 (Tex. Crim. App. 1981)).

14:
See 
Birdwell v. State
, 10 S.W.3d 74, 78
 (Tex. App.—Houston [14th Dist.] 1999, pet. ref’d)
 (holding that once appellant unequivocally and timely asserted his right to self-representation, it was the trial court’s duty to give the necessary explanations and warnings before ruling on his request).  

15:
See McKaskle v. Wiggins
, 465 U.S. 168, 177 n.8, 104 S. Ct. 944, 950 n.8 (1984) (stating that because the right of self-representation is a right that when exercised usually increases the likelihood of a trial outcome unfavorable to the defendant, its denial is not amenable to “harmless error” analysis);
 Birdwell
, 10 S.W.3d at 78 (holding that the denial of the right to self-representation is not subject to a harmless error analysis). 

16:
See Hatten
, 71 S.W.3d at 334-35 
(providing the procedure for permitting a defendant to appear pro se at a revocation hearing). 
 
In light of our holdings on these two issues, we need not consider appellant’s third issue.  
See 
Tex. R. App. P.
 47.1.