MARY'S OPINION HEADING 








NO. 12-09-00162-CR

 

IN
THE COURT OF APPEALS 

 

TWELFTH COURT OF
APPEALS DISTRICT

 

TYLER,
TEXAS

                                                                        §                      APPEAL
FROM THE 

EX
PARTE:

                                                                        §                      COUNTY
COURT AT LAW #2

BRITTINI
DAWN TOWNES

                                                                        §                      SMITH
COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM
OPINION

            Brittini
Dawn Townes appeals from a trial court order denying relief on her application
for writ of habeas corpus.  In her sole issue, she challenges the voluntariness
of her guilty plea on her underlying theft conviction.  We affirm.

 

Background

            On
November 7, 2007, Brittini Dawn Townes was arraigned on the Class B misdemeanor
charge of theft of property valued at $50.00 or more but less than $500.00. 
She pleaded guilty to that offense, and the trial court sentenced her to 180
days in jail, probated for fifteen months, and a $2,000.00 fine, $1,900.00 of
which was probated.  On January 26, 2009, the State filed its “First Amended
Application to Revoke Community Supervision.”  Appellant filed her “Application
for Writ of Habeas Corpus” on February 10, 2009, challenging the voluntariness
of her guilty plea, and in particular, the waiver of her right to counsel.  On
April 14, 2009, the trial court held a hearing on the State’s and Appellant’s
applications.  The trial court denied Appellant’s application for writ of
habeas corpus.  She timely appealed.

 

Waiver of right to counsel and voluntariness of
guilty plea

            In
her sole issue, Appellant argues that her pre-guilty-plea waiver of counsel for
the underlying theft offense was not knowing, intelligent, and voluntary.

Standard
of Review

Appeals
from the denial of relief sought in misdemeanor postconviction writs of habeas
corpus are properly directed to the courts of appeals.  See Ex parte
Jordan, 659 S.W.2d 827, 828 (Tex. Crim. App. 1983); Dahesh v.
State, 51 S.W.3d 300, 302 (Tex. App.–Houston [14th Dist.] 2000, pet.
ref'd); see also Tex. R. App. P.
31 (governing appeals from habeas corpus proceedings).  Generally, we
review a trial court's decision to grant or deny relief on a writ of habeas
corpus for abuse of discretion.  Ex parte Wheeler, 203 S.W.3d
317, 324 (Tex. Crim. App. 2006).

When
reviewing a trial court’s decision to grant or deny relief on a habeas application,
we afford almost total deference to a trial court’s factual findings,
especially when those findings are based upon credibility and demeanor.  Ex
parte White, 160 S.W.3d 46, 50 (Tex. Crim. App. 2004).  We afford the
same amount of deference to the trial court’s rulings on “applications of law
to fact questions” if the resolution of those ultimate questions turns on an
evaluation of credibility and demeanor.  See Ex parte Martin, 6
S.W.3d 524, 526 (Tex. Crim. App. 1999).  We review wholly legal conclusions de
novo.  See Ex parte Peterson, 117 S.W.3d 804, 819 (Tex. Crim. App.
2003), overruled in part on other grounds, Ex parte Lewis,
219 S.W.3d 335, 371 (Tex. Crim. App. 2007); Guzman v. State, 955
S.W.2d 85, 89 (Tex. Crim. App. 1997).

An
applicant seeking habeas corpus relief on the basis of an involuntary guilty
plea must prove her claim by a preponderance of the evidence.  Kniatt v.
State, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006).  Delay in seeking
habeas corpus relief may prejudice the credibility of the applicant’s claim.  Id.
 We view the record evidence in the light most favorable to the trial court’s
ruling and must uphold that ruling absent an abuse of discretion.  Id.

Applicable
Law

When
a criminal defendant chooses to waive her right to counsel in order to
represent herself, her waiver should be made knowingly and intelligently, and
she should be warned of the dangers and disadvantages accompanying such a
waiver.  Faretta v. California, 422 U.S. 806, 835-36, 95 S. Ct.
2525, 2541, 45 L.Ed.2d 562 (1975).  “If a defendant wishes to waive [her] right
to counsel, the court shall advise [her] of the dangers and disadvantages of
self-representation.  If the court determines that the waiver is voluntary and
intelligently made, the court shall provide the defendant with a statement
[that the defendant waives counsel].”  Tex.
Code Crim. Proc. Ann. art. 1.051(g) (Vernon Supp. 2009). 

When
the defendant appears in court and confesses her guilt, however, “the issue is
not whether the trial court admonished the accused of the dangers and
disadvantages of self-representation, but rather, whether there was a knowing,
voluntary, and intelligent waiver of counsel.”  Hatten v. State,
71 S.W.3d 332, 334 (Tex. Crim. App. 2002) (citing Johnson v. State,
614 S.W.2d 116, 119 (Tex. Crim. App. 1981) (op. on reh’g)); see Blocker
v. State, 889 S.W.2d 506, 508 (Tex. App.–Houston [14th Dist.] 1994, no
pet.).  The Texas Court of Criminal Appeals has determined that Faretta
“is not triggered when a defendant appears without an attorney to plead guilty
or nolo contendere.”  Hatten, 71 S.W.3d at 334; see Johnson
v. State, 614 S.W.2d at 119. 

            Also,
a trial court generally is required to admonish the accused on a number of
issues before accepting a plea of guilty.  See Tex. Code Crim. Proc. Ann. art. 26.13 (Vernon Supp. 2009).  However,
the legislature has not chosen to require these same admonishments for persons
charged with misdemeanors, and the court of criminal appeals has consistently
held that article 26.13 does not apply to misdemeanor cases.  See Gutierrez
v. State, 108 S.W.3d 304, 309 (Tex. Crim. App. 2003); State v.
Jimenez, 987 S.W.2d 886, 889 (Tex. Crim. App. 1999).

Accordingly,
a guilty plea and waiver of counsel, to be consistent with due process of law,
must be entered knowingly, intelligently, and voluntarily.  See Kniatt v.
State, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006).  The decision to
waive counsel is made “knowingly and intelligently” if it is made with a full
understanding of the abandoned right to counsel.  Collier v. State,
959 S.W.2d 621, 626 (Tex. Crim. App. 1997).  The decision to waive counsel is
made “voluntarily” if it is uncoerced.  Id.  Similarly, a guilty
plea is “voluntary” if the plea is the expression of the defendant’s own free
will, not induced by threats, misrepresentations, or improper promises.  Kniatt,
206 S.W.3d at 664.  A defendant’s sworn representation that her waiver of
counsel and guilty plea are knowing, intelligent, and voluntary “constitute[s]
a formidable barrier in any subsequent collateral proceedings.”  Id.

Discussion


Appellant
argues that the trial court failed to admonish her on the dangers of
self-representation, and in particular, that the conviction would remain on her
record for the rest of her life.  Appellant pleaded guilty for misdemeanor
theft.  Thus, she was not entitled to any admonishments of the dangers of
self-representation.  See Hatten, 71 S.W.3d at 334.  Likewise,
Appellant was not entitled to the statutory admonishments prior to the court’s
acceptance of her guilty plea under article 26.13 of the code of criminal
procedure.  See Jimenez, 987 S.W.2d at 889.  Consequently, the
issue is whether she knowingly, intelligently, and voluntarily waived her right
to counsel and entered her guilty plea.  Appellant signed a written waiver of
counsel, and testified at the habeas corpus hearing that she knew what it
meant.  Therefore, she bore a heavy burden in contesting the voluntariness of
her guilty plea and waiver of counsel.  See Kniatt, 206 S.W.3d at
664.

Appellant
contends that her guilty plea and her waiver of counsel were involuntary because
of erroneous comments by the trial court that led her to conclude that she
would not qualify for appointment of counsel.  At her arraignment, the trial
court stated as follows:

 

Now, you’re entitled to have a
lawyer if you’re indigent. Basically, if you’re in jail, you’re automatically
indigent, qualify for a court-appointed attorney. If you’re out of jail, you’ve
got to bring me two years worth of tax returns, two years worth of paychecks,
two years worth of your bills. Then I get to look at them and decide if you’re
indigent. Bottom line, if you’re able to bond out of jail, you’re not indigent.


 

 

            Appointment
of an attorney for a criminal defendant claiming indigent status cannot be
denied on the sole basis that the defendant posted bail.  See Tex. Code Crim. Proc. Ann. arts. 1.051,
26.04 (l), (m) (Vernon Supp. 2009).  The court’s statement that
“[b]ottom line, if you’re able to bond out of jail, you’re not indigent,” when
viewed by itself, is contrary to the language of article 26.04.  However, the
remainder of the trial court’s statement indicated that Appellant might be
entitled to an attorney, provided she produced the required documents (“If you’re
out of jail . . . I get to look at [your tax returns, paychecks, and bills] and
decide if you’re indigent.”).  Appellant never asked for counsel or otherwise
put the trial court on notice that she could not afford an attorney even though
she posted bail. 

Appellant
claims further that she was under the impression that her tax returns,
paychecks, and bills were required to be presented on the same day as her
arraignment.  However, nothing in the record supports this interpretation. 
Appellant also claims that the trial court indicated that if she unsuccessfully
attempted to demonstrate indigency, she would be subject to the maximum penalty
for the crime alleged against her.  This statement is also unsupported by the
record. Alvear v. State, 25 S.W.3d 241, 246 (Tex. App.—San
Antonio 2000, no pet.) (stating “[b]ald assertions by a defendant that his plea
was involuntary are insufficient to overcome the presumption of regularity of
the records”).  Moreover, Appellant did not challenge the voluntariness of her plea
and the waiver of her right to counsel until the State filed a motion to revoke
Appellant’s community supervision, over one year after her guilty plea. 

Appellant
testified at the habeas corpus hearing that she read the waiver, understood its
contents, and knew that she waived her right to counsel by signing it. 
Notwithstanding the trial court’s explanation of the process to obtain court
appointed counsel, she cannot overcome the formidable barrier created by her
written waiver.  Because she pleaded guilty to misdemeanor theft, her article
1.051 written waiver constituted sufficient proof that she knowingly,
voluntarily, and intelligently waived her right to counsel and entered her plea
of guilt.  See, e.g., Sargent v. State, No. 01-06-00786-CR, 2007
WL 2743673, at *3 (Tex. App.–Houston [1st Dist.] Sept. 20, 2007, no pet.) (mem.
op., not designated for publication).  She did not meet her burden to
demonstrate that her guilty plea and waiver of counsel were not knowingly,
intelligently, and voluntarily made.  Therefore, the trial court did not abuse
its discretion in denying habeas relief.

Appellant’s
sole issue is overruled.

 

Disposition

            We
affirm the judgment of the trial court. 

                                                                                                  Brian Hoyle

                                                                                      
                 Justice

 

 

 

Opinion delivered March 10, 2010.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

(DO NOT PUBLISH)