**Affirmed as Modified; Opinion Filed July 20, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00410-CR

### ERIC JAMES BALLOU, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the County Court at Law**
**Rockwall County, Texas**
**Trial Court Cause No. CR15-0125**

## MEMORANDUM OPINION

Before Justices Francis, Lang-Miers, and Myers
Opinion by Justice Lang-Miers

Appellant Eric James Ballou pleaded guilty to the charge of driving while license invalid, a Class B misdemeanor. The trial court sentenced appellant to 180 days in the Rockwall County jail and a $750 fine.[1] In one issue, appellant argues that his plea of guilty was rendered involuntary when "[t]he trial court failed to give him the required admonishments pursuant to Texas Code of Criminal Procedure 26.13." We disagree and affirm the trial court's judgment.

The Texas Court of Criminal Appeals has "consistently held that article 26.13 does not apply to misdemeanor cases." *See Gutierrez v. State*, 108 S.W.3d 304, 309 (Tex. Crim. App. 2003); *see also State v. Guerrero*, 400 S.W.3d 576, 589 n.58 (Tex. Crim. App. 2013) (citing *Gutierrez*, 108 S.W.3d at 309 and *Johnson v. State*, 614 S.W.2d 116, 120 n.1 (Tex. Crim. App.

---

[1] Contemporaneously, appellant pleaded not guilty to the charge of driving while intoxicated, second offense, waived a jury, and tried the case to the court. We address appellant's appeal from the conviction for driving while intoxicated in a separate opinion issued on this date.

1981) ("However commendable it may be for a trial judge to admonish one accused of a misdemeanor offense, as he must where a person is charged with a felony . . . there is no requirement in Texas law for a trial court to admonish an accused person of anything if the offense is classified as a misdemeanor.")); *cf.* TEX. CODE CRIM. PROC. ANN. art. 27.13 (West 2006) (requiring article 26.13 admonitions for plea of guilty in felony case) *with id.* art. 27.14 (West Supp. 2015) (no requirement of article 26.13 admonitions for plea of guilty in misdemeanor case).

We resolve appellant's sole issue against him.

We note a clerical error in the Judgment & Sentence; appellant's name is misspelled in the second paragraph. Accordingly, we modify the second paragraph of the trial court's Judgment & Sentence to change "BALLOW" to "BALLOU." *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd).

As modified, we affirm the trial court's judgment.


/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
150410F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ERIC JAMES BALLOU, Appellant

No. 05-15-00410-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law, Rockwall County, Texas
Trial Court Cause No. CR15-0125.
Opinion delivered by Justice Lang-Miers.
Justices Francis and Myers participating.

Based on the Court's opinion of this date, the Judgment & Sentence of the trial court is **MODIFIED** as follows:

"BALLOW" in the second paragraph is changed to "BALLOU."

As modified, the Judgment & Sentence is **AFFIRMED**.

Judgment entered this 20th day of July, 2016.