Sheila BLOCKER, Appellant,

v.

The STATE of Texas, Appellee.

Nos. B14–93–00560–CR, C14–93–00561–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Oct. 13, 1994.

Buddy Stevens, Angleton, for appellant.
Mary Peter Cudd, Angleton, for appellee.

Before SEARS, LEE and BARRON, JJ.

## OPINION

BARRON, Justice.

This is a consolidated appeal from a conviction for driving while intoxicated—subsequent offense ("DWI") and a revocation of probation for a prior DWI. We affirm.

On October 16, 1992, with the assistance of counsel, Sheila Blocker pleaded guilty to Driving While Intoxicated—First Offense. The punishment, which was probated for one year, was assessed at $200 and 120 days in jail.

On January 12, 1993, the State moved to revoke Blocker's probation based on a subsequent DWI, allegedly occurring in December of 1992.

Mr. and Mrs. Blocker met with an assistant district attorney ("DA"), without counsel, to discuss the revocation of probation and the second DWI. Blocker was offered 120 days jail time, to be served on weekends so that she could keep her job. Blocker claimed the DA rejected a letter from her alcoholism out-patient program describing her progress. The DA also rejected her request for "home arrest" (evidently a reference to electronic monitoring). Blocker testified that she did not know the meaning of pre-sentence investigation, did not know sentencing alternatives, and did not know that she needed witnesses or how to subpoena them. She did not know how to reject the 120 day offer, which she viewed as unreasonable.

After the district attorney's office allegedly rejected her attempts to present evidence, Ms. Blocker signed the waivers the DA had prepared. On February 22, 1993, Blocker appeared pro se and signed a: (1) "Waiver of Counsel" and (2) "Defendant's Admonitions and Waivers of Constitutional Rights and of Pre–Sentence Investigation and Report." Blocker pled "guilty" to the subsequent DWI and "true" to violating the terms and conditions of probation. After finding the conditions of probation had been violated, the Court suspended Blocker's driver's license for 180 days, fined her $300 and sentenced her to 120 days in jail.

Blocker moved for new trial, claiming her waiver of counsel and guilty plea were not voluntarily and knowingly made. Evidence was presented at the hearing on the motion for new trial. Blocker testified that she could not afford a lawyer at the time she met with the DA, and that if finances had been otherwise she would have hired a lawyer. Although the trial court admonished her about her right to counsel, Blocker stated that by then she was committed to the 120 day jail time offer, since she had given her word and had signed the waivers *following* the plea-bargain conference. The motion for new trial was denied. Notice of appeal was timely given.

Blocker argues three points of error together. Points one and two raise the validity of the waiver of counsel: that there was insufficient evidence Appellant 1) was made aware of the dangers and disadvantages of self-representation; and 2) executed the waiver knowingly, voluntarily and intelligently. Point of error number 3 complains of

error in the "admonishments of constitutional rights and waiver of pre-sentence investigation and report" which Blocker signed, not being signed *before* Appellant began to represent herself in her meeting with the prosecutor's office.

Blocker characterizes the system of dealing with pro se litigants in misdemeanor court an "assembly line approach to doing out justice in Texas." Specifically, Blocker criticizes the practice of having pro se defendants sign the waiver of constitutional rights only *after* they have talked to the district attorney about disposing of their case:

> ... [I]n an attempt to have an efficient disposition of cases, the courts in Texas rely upon human nature and know that once an individual makes an agreement that it is very difficult for them to reject such an offer later when they are before the court. Only after all the papers are executed with assistance of the district attorney's office does the trial judge come into play.

Point of error number one complains the record is insufficient to show the waiver of right to counsel was made with Appellant being made aware of the dangers and disadvantages of self-representation. Blocker points to (1) the admonishment of the right to counsel or the dangers or disadvantages of self-representation not being given *before* the plea-bargain discussion with the DA; and (2) the plea-bargain discussion with the DA amounting to "self-representation". To support her position the timing of the admonishment renders the conviction reversible, Blocker relies on *Goffney v. State*, 843 S.W.2d 583, 585 (Tex.Crim.App.1992): that *"prior to any act of self-representation* by the defendant, the record should reflect that the admonishments [as to the dangers and disadvantages of self-representation] were given to the defendant." (emphasis added).

*Goffney* is distinguishable because the record there contained *no* admonishment. *Id.* at 585. Here there is an admonishment and a waiver of counsel that are a part of the record on appeal. TEX.CODE CRIM.PROC.ANN. art. 26.13(d) (Vernon 1989); TEX.CODE CRIM. PROC.ANN. art. 1.051(g) (Vernon Supp.1994).

■ Blocker's testimony at the motion for new trial was that she signed the admonishments and waiver-of-counsel forms *after* she had met with the DA but *before* the plea agreement was entered before the Court. There is no contradicting testimony from the State at the motion for new trial hearing, although the State does contend in its brief that "a defendant does not discuss his case with a ... District Attorney until he has first been presented with admonition and waiver documents."

Had Blocker had second thoughts about proceeding without a lawyer or about the plea bargain, she was free to bring those concerns to the trial court's attention prior to the entry of her guilty plea. At the hearing on the motion for new trial, Blocker testified:

> Q: [Prosecutor] Did the judge ask you whether or not you understood the forms?
>
> A: [Blocker] Yes.
>
> Q: How did you reply?
>
> A: I agreed.
>
> Q: That you understood them?
>
> A: At that point, uh huh.

The record was thus sufficient to show that Blocker was made aware of the dangers and disadvantages of self-representation in time to invoke her right to counsel, prior to entering her pleas.

■ Further, "[a]n admonishment as to the dangers and disadvantages of self-representation need *only* be given in cases in which the defendant's *guilt is contested.*" *Cooper v. State*, 854 S.W.2d 303, 304 (Tex. App.—Austin 1993, no pet.) (emphasis added); *Johnson v. State*, 614 S.W.2d 116, 119 (Tex.Crim.App.1981) (on rehearing). Here, unlike the defendant in *Goffney*, Ms. Blocker did not contest the subsequent DWI or that she had violated the conditions of probation. A misdemeanor defendant who appears without counsel to confess his guilt need not be admonished of the disadvantages of self-representation prior to the Court approving a waiver of the right to counsel and accepting a plea of guilty or no contest. *Cooper*, 854 S.W.2d at 304, interpreting *Johnson*, id. *See also: State v. Finstad*, 866 S.W.2d 815, 817 (Tex.App.—Waco 1993, pet. ref'd). "[W]here the defendant appears in court and confesses

his guilt, 'the issue is not whether the trial court admonished the accused of the dangers and disadvantages of self-representation, but rather, whether there was a knowing, voluntary and intelligent waiver of counsel.'" *Johnson,* 614 S.W.2d at 120. Point of error number one is overruled.

Point of error number two reads: "The record on Appellant's alleged waiver of right to counsel does not sufficiently show that Appellant executed this waiver 'knowingly, voluntarily and intelligently'."

■ Before entering her pleas, Blocker signed a waiver of counsel the court approves after determining the waiver is voluntarily and intelligently made under article 1.051(g) of the Code of Criminal Procedure. There is no evidence Blocker was coerced or intimidated into signing the waiver. The waiver sets out the dangers and disadvantages of self-representation. The record is not insufficient to support a knowing, voluntary and intelligent waiver of the right to counsel. Point of error number two is overruled.

■ Point of error number three complains of the admonishments of constitutional rights and waiver of pre-sentence investigation and report, not being signed *before* Appellant began to represent herself. There is nothing in the record to controvert that the form was not signed until *after* Blocker had met with the prosecution, although the State's contention in its brief is otherwise.

Blocker had the opportunity, prior to entering her plea, to assert her right to counsel. While it might be the better practice to have a pro se defendant sign the admonishments and waiver prior to discussions with the prosecution, we cannot say, that the failure to do so constitutes reversible error. Point of error number three is overruled.

Finding no error, we affirm.