Luis **BARRAS** aka Luis Ramos, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 08-94-00208-CR.

Court of Appeals of Texas, El Paso.

June 29, 1995.

Discretionary Review Refused Oct. 4, 1995.

Jaime A. Pena, El Paso, for appellant.

Jaime E. Esparza, Dist. Atty., El Paso, for the State.

Before LARSEN, McCLURE and CHEW, JJ.

### OPINION

McCLURE, Justice.

We are presented with an appeal from the denial of Appellant's Application for Writ of Habeas Corpus in which he challenges the trial court's failure to admonish him of the dangers and disadvantages of self-representation. We affirm.

### FACTUAL SUMMARY

The record indicates that on October 15, 1993, Appellant waived his right to counsel and plead guilty to the offense of driving while intoxicated. The trial court found Appellant guilty and placed him on 2 years' probation. On April 13, 1994, the State filed a motion to revoke Appellant's probation. Prior to the disposition of the State's motion, Appellant filed an application for writ of habeas corpus, asserting that the trial court's failure to admonish him of the dangers and disadvantages of self-representation rendered his waiver of the right to counsel invalid. The criminal magistrate conducted a hearing on Appellant's application, issued an order finding Appellant's waiver to be valid, and denied Appellant habeas corpus relief. Appellant appeals from that order.

### REQUIREMENT OF ADMONISHMENT WHERE GUILT IS NOT CONTESTED

In his sole point of error [1], Appellant asserts that the magistrate erred in denying his application for writ of habeas corpus because the record fails to reflect that the trial court admonished him as to the dangers and disadvantages of self-representation.

Article 1.051 of the Texas Code of Criminal Procedure is entitled "Right to representation by counsel" and entitles a defendant in a criminal matter to legal representation "in an adversarial judicial proceeding." There is no accompanying definition of "an adversarial judicial proceeding." Subsection (f) provides that a defendant may voluntarily and intelligently waive in writing the right to counsel while subsection (g) provides that if a defendant wishes to waive his right to counsel, the court shall advise him of the dangers and disadvantages of self-representation. TEX. CODE CRIM.PROC.ANN. art. 1.051(f), (g) (Vernon Supp.1995). Upon a determination that the waiver is voluntarily and intelligently

---

1. Appellant states in his brief that because the waiver of his right to counsel was invalid, his waiver of his right to a jury made without the advice of counsel is also invalid. This assertion is not specifically raised as a point of error. We find it unnecessary to reach Appellant's assertion, however, because we conclude that Appellant's waiver of his right to counsel was valid.

made, the court shall provide the defendant with a statement which, if in a form substantially in compliance with the Code provision, and which if signed by the defendant, constitutes a valid waiver. It is undisputed that Appellant signed a statement in substantial compliance with Article 1.051(g). It is also undisputed that he did not receive an admonishment from the trial court concerning the dangers of proceeding pro se.

Appellant asserts that the Court of Criminal Appeals' decision in *Goffney v. State*, 843 S.W.2d 583 (Tex.Crim.App.1992) is dispositive. Goffney represented himself at trial after entering a plea of not guilty. The record in *Goffney* did not establish that Goffney received admonishments about the disadvantages of self-representation from the trial court. The Court of Criminal Appeals affirmed the Waco Court of Appeals' reversal of Goffney's conviction holding that "prior to any act of self-representation by the defendant, the record should reflect that the admonishments [of the dangers and disadvantages of self-representation] were given to the defendant." *Goffney*, 843 S.W.2d at 585. *Goffney* further requires that the record "be sufficient for the reviewing court to make an assessment that the defendant was made aware of the dangers and disadvantages of the self-representation." *Id.* The Court of Criminal Appeals concluded that if the record does not reflect that the defendant received these admonishments, the defendant's waiver of the right to counsel is invalid pursuant to the United States Supreme Court ruling in *Faretta v. California*, 422 U.S. 806, 835, 95 S.Ct. 2525, 2541, 45 L.Ed.2d 562 (1975) (defendant must be admonished of the dangers and disadvantages of pro se representation).

Unlike the instant case, however, the defendants in *Goffney* and *Faretta* contested their guilt. In *Johnson v. State*, 614 S.W.2d 116 (Tex.Crim.App.1981) (on rehearing), the Court of Criminal Appeals distinguished *Faretta*, holding that the trial court is not required to admonish the defendant about the dangers and disadvantages of self-representation when the defendant does *not* contest his guilt. *Johnson*, 614 S.W.2d at 119. Where the defendant appears in court without representation and confesses his guilt, "the issue is not whether the trial court admonished the accused of the dangers and disadvantages of self-representation, but rather whether there was a knowing, voluntary, and intelligent waiver of counsel." *Johnson*, 614 S.W.2d at 119. Thus, "an admonishment as to the dangers and disadvantages of self-representation need only be given in cases in which the defendant's guilt is contested." *State v. Finstad*, 866 S.W.2d 815, 816 (Tex.App.—Waco 1993, pet. ref'd).

We attach significance to the fact that the Court of Criminal Appeals did not reference *Johnson* in the *Goffney* opinion. We cannot presume that the Court of Criminal Appeals intended to overrule *Johnson*, nor that it intended to apply the rule enunciated in *Goffney* to *Johnson*-type facts. We conclude that *Johnson* remains the applicable standard in those situations in which a misdemeanor defendant appears without counsel and confesses his guilt.

■ We are not the first appellate court to consider whether *Goffney* serves to implicitly overrule *Johnson*. In each case, the intermediate appellate court has applied *Johnson* and determined that a distinction must be drawn in those instances in which guilt is admitted. *See Blocker v. State*, 889 S.W.2d 506, 508 (Tex.App.—Houston [14th Dist.] 1994, no pet.); *Finstad*, 866 S.W.2d at 817; *Cooper v. State*, 854 S.W.2d 303, 304 (Tex. App.—Austin 1993, no pet.) (on rehearing). Although we acknowledge our concern that a defendant who pleads guilty without the benefit of counsel might have elected to contest his guilt had he been cautioned of the dangers of pro se representation, we do not undertake the legal broad jump necessary for us to presume that *Johnson* is no longer controlling. And although the better practice is to provide a defendant with an admonishment of the disadvantages of self-representation, we find that the trial court was not required to admonish Appellant in this case.

## VALID WAIVER OF RIGHT TO COUNSEL

■ We must now determine whether it appears from the record that Appellant knowingly, voluntarily, and intelligently

waived his right to counsel. *Johnson,* 614 S.W.2d at 120. We view the evidence in the light most favorable to the trial court's ruling. *See Whitsey v. State,* 796 S.W.2d 707, 721 (Tex.Crim.App.1989) (on rehearing). Appellant bore the burden of proving his entitlement to habeas relief by a preponderance of the evidence. *See Ex parte Griffin,* 679 S.W.2d 15, 17 (Tex.Crim.App.1984). The record reflects that Appellant signed two separate documents acknowledging that he had been advised of his right to counsel and that he freely and voluntarily waived that right. There is no evidence in the record to the contrary, nor is there any evidence that Appellant was coerced or intimidated in any way into signing the written waivers. Thus, the record is sufficient to support the magistrate's finding that Appellant's waiver of the right to counsel was valid. *See Blocker,* 889 S.W.2d at 509 (evidence sufficient to support finding of free, voluntary, intelligent waiver where defendant signed waiver statement and no contradictory evidence found in record). We overrule Appellant's point of error.

## CONCLUSION

Accordingly, we affirm the magistrate's order denying Appellant's Application for Writ of Habeas Corpus.