COURT OF APPEALS












 
 
 
  
 
 
 




COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS

 




 
 
  
  
  
  
 EX PARTE:  ALEXANDER TARANGO.
  
                             
  
  
 
 
  
 '
  
 '
  
 '
  
 '
  
 '
 
 
  
 No. 08-03-00210-CR
  
 Appeal from the
  
 205th District Court
  
 of Culberson County, Texas
  
 (TC#1320)
 
 




 

MEMORANDUM
OPINION

Alexander Tarango
appeals from an order denying habeas corpus relief.  We affirm.

Factual and
Procedural Background

Tarango was charged by information with
trespassing at a residence located at A604 Crockett
Street, in Van Horn,
Texas.@ 
The information was based on a complaint by the owner of the residence,
which complaint stated that the address of the residence was A604 Crockett Street, Van Horn, Texas.@








On September 18, 2002, Tarango and the trial judge signed three documents:  (1) a Waiver of Right to Counsel; (2) a
Stipulation; and (3) a Waiver and Admission of Guilt.   The Waiver of Right to Counsel states that Tarango, Ahaving been informed of and understanding his right to
counsel and the possible consequences of waiving such rights, now waive(s) the
right to counsel.@  The Stipulation
states, in typewriting, that Tarango Adid then and there knowingly and
intentionally, enter and remain on property, to-wit: a residence located at 604
Crockett Street, Van Horn, Texas . . . .@ 
The numeral A604@ is crossed out and the numeral A609@ appears in handwriting above
it.  The Waiver and Admission of Guilt
states:

I do now admit, in open court, all of the allegations
in said complaint and information and I confess that I committed the offense(s)
charged therein.  I waive any and all
rights to which the Texas Code of Criminal Procedure entitles me, particularly
to the right to require sufficient evidence to support the judgment of the
Court, in view of my judicial confession herein made. . . . . 

 

On the same day that these documents
were signed, the trial court found Tarango guilty and
sentenced him to 180 days= confinement, probated for one year.  The written judgment states that Tarango Aintelligently, knowing[ly] and
voluntarily waived the right to an attorney.@








In December 2002, the State filed a
motion to revoke Tarango=s probation.   Before the trial court heard the motion to
revoke, Tarango filed a petition for writ of habeas
corpus.[1]  He asserted the following grounds for
relief:  (1) the trial court failed to
advise him of the dangers and disadvantages of self-representation; and (2) he
was convicted of an offense that was not alleged in the information.

At a hearing on the petition, Tarango admitted that he read and signed the Waiver of
Right to Counsel and the Waiver and Admission of Guilt.  He also admitted that he was not promised
anything in exchange for his admission of guilt.  Finally, he testified that the trial judge
did not discuss with him the dangers of self-representation.

Burden of
Proof and Standard of Review

The petitioner bears the burden of
proving an entitlement to habeas corpus relief by a preponderance of the
evidence.  Barras v.
State, 902 S.W.2d 178, 181 (Tex. App.--El Paso 1995, pet. ref=d).  In reviewing the denial of habeas relief, we
view the evidence in the light most favorable to the trial court=s ruling.  Id. 
Absent a clear abuse of discretion, we must affirm that court=s ruling.  Parrish v. State, 38
S.W.3d 831, 834 (Tex. App.--Houston [14th Dist.] 2001, pet. ref=d). 

Conviction
of Offense Not Alleged in the Information

Tarango=s brief states his first issue as
follows: 

Whether
Appellant stands convicted of an offense not alleged in the criminal
information.  

 

The brief states the second issue as:








Whether the State, with the consent of the Defendant,
in attempting to correct an erroneous factual allegation in the information by
stipulation, rather than by following the requirements of Article 28.10, TCCP,
renders the judgment of conviction of Appellant in the County Court of
Culberson County void or in the alternative voidable.[2]  

 

Tarango addresses these issues together, and
we will do the same. 

Tarango asserts that the prosecutor
discovered that the information did not contain the correct address.  Rather than complying with the statutory
procedures for amending the information, the prosecutor attempted to cure the
defect by crossing out the incorrect address in the Stipulation and inserting
the correct address.  According to Tarango, the only evidence against him, per the
Stipulation, was that he trespassed at 609 Crockett Street, which was not the
address alleged in the information.  Tarango further asserts that it is Ahornbook law@ that a person cannot be convicted of
an offense not contained in the charging instrument.

We first note that the factual
premises of Tarango=s argument are unsupported by the
record.  Although the numeral A604@ was crossed out and replaced with A609@ in the Stipulation, the record does
not reveal who made this change or when it was made.  The record also does not reveal whether 604
Crockett Street or 609 Crockett Street was the correct address.  And the record does not reveal anything about
the prosecutor=s motives.








The essence of Tarango=s complaints is that the State proved
he committed trespass at 609 Crockett Street, rather than at 604 Crockett
Street, and that he thus was convicted of an offense not stated in the
information.  Although not denominated as
such by Tarango, this is a Avariance@ complaint.  The Court of Criminal Appeals has explained:

A Avariance@ occurs
when there is a discrepancy between the allegations in the charging instrument
and the proof at trial.  In a variance
situation, the State has proven the defendant guilty of a crime, but has proven
its commission in a manner that varies from the allegations in the charging
instrument.      

 

Gollihar v. State, 46 S.W.3d 243, 246 (Tex. Crim. App. 2001).[3] 
In Texas, a variance presents an issue of the legal sufficiency of the
evidence.  Id.
at 246-48 & n.6, 257.








There is no federal constitutional
requirement that evidence of guilt must be offered to support a guilty
plea.  Ex parte Martin, 747 S.W.2d 789, 791 (Tex. Crim. App. 1988); Keller v. State, 125 S.W.3d 600,
605 (Tex. App.--Houston [1st Dist.] 2003, pet. filed).  Nor is there a statutory requirement that
evidence of guilt must be offered to support a guilty plea in a misdemeanor
case.  See Tex. Code Crim. Proc. Ann.
art. 27.14(a) (Vernon
Supp. 2004); Martin, 747 S.W.2d at 792; Ex parte
Williams, 703 S.W.2d 674, 678 (Tex. Crim. App.
1986); Avila v. State, 884 S.W.2d 896, 897 (Tex. App.--San Antonio 1994,
no pet.); see also Tex. Pen. Code Ann. ' 30.05(d) (Vernon Supp. 2004)
(defining trespass as a misdemeanor); cf. Tex. Code Crim. Proc. Ann.
art. 1.15 (Vernon Supp. 2004) (providing that in a felony
case the State must introduce evidence showing the guilt of the
defendant).  A plea of guilty in a
misdemeanor case constitutes an admission of every element of the charged
offense and is conclusive of the defendant=s guilt.  Williams, 703 S.W.2d
at 678; Avila, 884 S.W.2d at 897. 
It follows that the sufficiency of the evidence to support the guilty
plea may not be collaterally attacked by way of a writ of habeas corpus.  Williams, 703 S.W.2d
at 678.[4]  Therefore, Tarango
is not entitled to habeas relief based on his complaints regarding the variance
between the information and the Stipulation.

Tarango suggests that the variance renders
his conviction void.  For a judgment to
be void, the record must show a complete lack of evidence to support the
conviction, not merely insufficient evidence. 
Nix v. State, 65 S.W.3d 664, 668 & n.14 (Tex. Crim. App. 2001); Williams, 703 S.W.2d at 679-81; Ex
parte Cantrell, 112 S.W.3d 753, 754 (Tex.
App.--Beaumont 2003, pet. ref=d).  A guilty plea
constitutes some evidence for this purpose. 
Nix, 65 S.W.3d at 668 n.14.  As noted above, Tarango
signed a Waiver and Admission of Guilt, in which he admitted Aall of the allegations in [the]
complaint and information and . . . confess[ed] that
[he] committed the offense(s) charged therein.@  
Accordingly, the conviction is not void for a complete lack of evidence.

Tarango=s first two issues are overruled.

Failure to Advise of the Dangers of Self-Representation

Tarango=s brief states his fourth issue as
follows:








Whether,
under the peculiar circumstances of this case, the Trial Judge failed to advise
Appellant of the dangers of self-representation in violation of 1.051(g), TCCP.[5]  

 

Tarango=s entire argument on this issue is as
follows:

Finally, even though cases exist in Texas on both
sides of the issue of whether a Trial Judge must advise Appellant pursuant to
the provisions of 1.051(g), TCCP, of the dangers of self-representations in a
guilty plea, it is urged that the Court look at this from a different
approach.  Where, again, we have an uncounselled Defendant and an overreaching prosecutor, and
the Judge sets on the Bench and watches it all happen, the Trial Judge is
denying due process under both the Federal and State Constitutions to the
accused citizen.  

 

While asserting that there are cases
on both sides of the issue, Tarango does not cite a
single case on either side of the issue. 
Therefore, he has presented nothing for review.  See Tex.
R. App. P. 38.1(h); Salazar
v. State, 38 S.W.3d 141, 147 (Tex. Crim. App.
2001); Todd v. State, 911 S.W.2d 807, 819 (Tex. App.--El Paso 1995, no
pet.).  

In any event, it is well settled that
a trial judge is not required to admonish a misdemeanor defendant about the
dangers of self-representation if the defendant does not contest his
guilt.  See Hatten
v. State, 71 S.W.3d 332, 334 (Tex. Crim. App.
2002); Barras, 902 S.W.2d at 180. 
When a defendant does not contest his guilt, the issue is not whether he
was admonished of the dangers of self-representation, but whether he made a
knowing, voluntary, and intelligent waiver of the right to counsel.  Hatten, 71 S.W.3d at 334; Barras, 902 S.W.2d at 180.








Tarango did not contest his guilt;
therefore, we must only examine the record to see if his waiver of counsel was
valid.  See Barras, 902 S.W.2d at 180-81. 
Tarango signed a Waiver of Right to Counsel,
which states that Ahaving been informed of and understanding his right to
counsel and the possible consequences of waiving such rights, [Tarango] now waive(s) the right to counsel.@ 
The written judgment states that Tarango Aintelligently, knowing[ly] and voluntarily waived the right to an attorney.@ 
At the habeas hearing, Tarango testified that
he read and signed the Waiver of Right to Counsel.   Although he also testified that the trial
judge did not discuss with him the dangers of self-representation, he did not
testify that he did not understand the dangers of self-representation.  In short, the record does not show that Tarango=s waiver of counsel was involuntary.

Tarango=s fourth issue is overruled.

Due Process

Tarango=s brief states the third issue as:

Whether Appellant was deprived of liberty without the
due course of the law of the land.  

 








Tarango argues that he was denied due
process by the combination of all of the purported errors and improprieties
that occurred in this case, including the alteration of the Stipulation, the
violation of the statutory requirements for amending the information, and the
failure to admonish him of the dangers of self-representation.  For the reasons explained above, this
argument relies on assertions that are not supported by the facts or the law.  There is nothing in the record to establish
that the proceedings leading to Tarango=s conviction were unfair or that his
plea was involuntary.

Tarango=s third issue is overruled.

Conclusion

For the reasons stated herein, the
order of the trial court is affirmed.

 

SUSAN
LARSEN, Justice

May 27, 2004

 

Before Panel No. 1

Larsen, McClure, and Chew,
JJ.

 

(Do Not Publish)

 











[1]It
appears from the record that Tarango is not currently
incarcerated and that the trial court is holding the motion to revoke in
abeyance pending the outcome of the habeas proceeding.  





[2]The
referenced statute sets out the requirements for amending an
information.  See Tex. Code Crim. Proc. Ann. art.
28.10 (Vernon 1989).





[3]In
Gollihar, the indictment charged the defendant
with stealing a go-cart with the model number 136202, but the proof at
trial was that the stolen go-cart=s
model number was 136203.  46 S.W.3d at 244.  The
Court of Criminal Appeals treated this as a variance problem.  Id. at 257-58.






[4]This
rule applies to both felony and misdemeanor cases.  See Williams, 703
S.W.2d at 683.





[5]The
referenced statute sets out the procedures a trial judge must follow when a
defendant wishes to waive the right to counsel. 
See Tex. Code Crim. Proc. Ann. art. 1.051(g)
(Vernon Supp. 2004).