Opinion issued September 20, 2007 










In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00786-CR






IAN THOMPSON SARGENT, Appellant


V.


THE STATE OF TEXAS, Appellees






On Appeal from County Court at Law No. 3

Brazoria County, Texas

Trial Court Cause No. 149043






MEMORANDUM OPINION

 Appellant pleaded no contest to the misdemeanor offense of assault, and the
trial court assessed punishment at 365 days in jail, suspended for 12 months'
community supervision and a $400 fine. See Tex. Pen. Code Ann. § 22.01(a)(1)
(Vernon Supp. 2006). We determine whether the trial court committed reversible
error by failing to clarify and to address whether appellant's waiver of trial counsel
was voluntarily and intelligently made. We affirm.

Facts

 On January 26, 2006, appellant got into an argument outside his home with
Tiffany Duvall over Duvall's smoking a cigarette while she was four months
pregnant. Duvall called the police. Appellant grabbed Duvall's purse as she
attempted to leave. Appellant and Duvall fought over the purse until the strap broke. 
Appellant broke Duvall's phone and took her purse. Duvall "ended up in the mud,"
and appellant went into the house until the police arrived.

 Appellant was charged with and pleaded no contest to the misdemeanor offense
of assault by causing bodily injury to Duvall by pushing her to the ground. See Tex.
Pen. Code Ann. § 22.01(a)(1). Prior to the trial court's accepting this plea, appellant
was required to sign several documents waving certain rights, including his right to
counsel. Appellant signed a "Defendant's Waiver of Counsel" form, which recited:

 I, Ian Sargent, have been advised on this the 16 day of
June, 2006, by the Court of my right to representation by
counsel in the trial of the charge pending against me. I
have been further advised that if I am unable to afford
counsel, one will be appointed to me free of charge.

 


 I understand that if a lawyer represented me in this case,
the lawyer could cross-examine the State's witnesses, offer
evidence on my behalf, file motions and argue law before
the Court, provide me with legal advice, and in general, do
a better job of protecting my legal rights than I could
without the assistance of a lawyer.

 

 Understanding my right to have counsel appointed for me
free of charge if I am not financially able to employ
counsel, and of the risks and consequences of representing
myself, I wish to waive my right and request the Court to
proceed with my case without an attorney being appointed
for me. I hereby waive my right to counsel.

The trial court accepted the plea and assessed punishment at a $400 fine and 365 days
in jail, suspended for 12 months' community supervision including 80 hours'
community service and attendance in an anger-management program. 

 Appellant moved for a new trial, contending that the verdict was based on an
involuntary plea and that the punishment assessed exceeded the punishment
recommended by the State. A hearing was held on August 17, 2006. Appellant
testified that he was unable to read the documents, including the waiver of his right
to counsel, because he was dyslexic and was "rushed." He also testified that he had
eyeglasses that would have allowed him to read despite his dyslexia, but he did not
have them at the time of his plea. Appellant was unable to produce any evidence
other than his own testimony to prove that he was dyslexic. Appellant did not alert
anyone to his inability to read the documents at the time of his plea. In addition,
appellant did not request that anybody read the documents to him at that time. 
Appellant also admitted that he had previously had the assistance of lawyers when he
was required to read legal documents.

 The trial court made several statements on the record after both sides had
closed. The court first stated that he was the same judge who had taken appellant's
plea. The trial court then stated that the standard procedure in that court is for the
district attorney to announce

 globally to the assembled folks that if you are
unrepresented by counsel and you want to speak to a
representative of the district attorney's office in an attempt
to resolve the case, I can't speak with you unless and until
you choose to sign a waiver of counsel and admonitions. 
. . . If you want to do that, we'll give those papers to you
and let you look at them.


The trial court further stated that the procedure is carried out before the judge enters
the courtroom. The trial court also stated:

 My unvarying procedure is when someone comes in front
of me, I identify who they are, tell them what they're
charged with, look at the paperwork, and announce to them
you have signed admonitions and waivers. Did you
understand what you signed? Do you have any questions? 
I am presuming--because I don't specifically recall--that
[appellant's] response was I understood and I have no
questions.


The trial court then denied appellant's motion for a new trial.

Waiver of Counsel

 In appellant's sole point of error, he contends that the trial court committed
fundamental error by the failure to clarify and to address the issue that appellant's
waiver of trial counsel was voluntarily and intelligently made. Appellant argues that
the trial court failed to investigate, by proper admonishments at the time of his plea,
appellant's awareness of the dangers and disadvantages of waiving counsel. 

A. The Law When a criminal defendant chooses to waive his right to counsel in order to
represent himself, his waiver should be made knowingly and intelligently, and he
should be warned of the dangers and disadvantages accompanying such a waiver. 
Faretta v. California, 422 U.S. 806, 835-36, 95 S. Ct. 2525, 2541 (1975). "If a
defendant wishes to waive his right to counsel, the court shall advise him of the
dangers and disadvantages of self-representation. If the court determines that the
waiver is voluntary and intelligently made, the court shall provide the defendant with
a statement [that the defendant waives counsel]." Tex. Code Crim. Proc. Ann. art.
1.051(g) (Vernon 2005). When the defendant appears in court and confesses his
guilt, however, "the issue is not whether the trial court admonished the accused of the
dangers and disadvantages of self-representation, but rather, whether there was a
knowing, voluntary, and intelligent waiver of counsel." Hatten v. State, 71 S.W.3d
332, 334 (Tex. Crim. App. 2002) (citing Johnson v. State, 614 S.W.2d 116, 119 (Tex.
Crim. App. 1981) (op. on reh'g)); see Blocker v. State, 889 S.W.2d 506, 508 (Tex.
App.--Houston [14th Dist.] 1994, no pet.). The Texas Court of Criminal Appeals has
determined that Faretta "is not triggered when a defendant appears without an
attorney to plead guilty or nolo contendere." Hatten, 71 S.W.3d at 334; see Johnson
v State, 614 S.W.2d at 119.

B. Discussion

 1. Admonishments

 Appellant asserts that the trial court denied him his right to counsel by failing
to admonish him of the dangers and disadvantages of self-representation. See
Faretta, 422 U.S. at 835, 95 S. Ct. at 2541. However, unlike in Faretta, in this case,
appellant did not elect to plead not guilty and to proceed to trial. Instead, appellant
pleaded no contest. The Faretta admonishments are not required under these
circumstances. See Johnson v. State, 614 S.W.2d at 119. For example, our sister
court has concluded that "a misdemeanor defendant who appears without counsel to
confess his guilt need not be admonished of the disadvantages of self-representation
prior to the court approving the waiver of right to counsel and accepting a plea of . . .
no contest." See Williams v. State, 194 S.W.3d 568, 579 (Tex. App.--Houston [14th
Dist.] 2006, pet. granted) (citing Blocker, 889 S.W.2d at 508-09). The court's duties
under Faretta are not triggered unless a defendant decides to plead not guilty. See
id. 

 Because appellant pleaded no contest, the court was not required to give
admonishments prior to accepting appellant's waiver of counsel. We overrule this
argument.

 2. Written Waiver

 Appellant also contends that the written waiver is insufficient to prove that
appellant voluntarily and intelligently waived counsel even though the waiver met the
requirements set out in section 1.051 of the Texas Code of Criminal Procedure. See
Tex. Code Crim. Proc. Ann. art. 1.051(g) (Vernon 2005); Williams, 194 S.W.3d at
579 (stating that signing of waiver of counsel does not conclusively prove waiver was
voluntarily and intelligently made). Appellant relies on Williams heavily and asserts
that the court should supply the waiver form to the defendant only after the trial court
has determined that the defendant's waiver was voluntarily and intelligently made. 
Id. at 579. 

 Appellant's reliance on Williams is misplaced because appellant did not plead
not guilty as did the defendant in Williams, but instead pleaded no contest. See id.
(indicating that waiver alone is sufficient to establish voluntary and intelligent waiver
of counsel if defendant pleaded guilty or no contest); Blocker, 889 S.W.2d at 509
(holding that signed waiver is sufficient proof of voluntary and intelligent waiver). 
We overrule this argument.

 C. Resolution

 Because appellant pleaded no contest, the article-1.051 waiver that he executed
constituted sufficient proof that he voluntarily and intelligently waived his right to
counsel. See Hatten, 71 S.W.3d at 334; Blocker, 889 S.W.2d at 508. We overrule
appellant's sole point of error.Conclusion

 We affirm the judgment of the trial court.



 Tim Taft

 Justice

Panel consists of Justices Taft, Hanks, and Higley.

Do not publish. See Tex. R. App. P. 47.2(b).