# NO. 12-09-00162-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

|  | § | APPEAL FROM THE |
| --- | --- | --- |
| *EX PARTE:* | § | COUNTY COURT AT LAW #2 |
| *BRITTINI DAWN TOWNES* | § | SMITH COUNTY, TEXAS |

### *MEMORANDUM OPINION*

Brittini Dawn Townes appeals from a trial court order denying relief on her application for writ of habeas corpus. In her sole issue, she challenges the voluntariness of her guilty plea on her underlying theft conviction. We affirm.

### BACKGROUND

On November 7, 2007, Brittini Dawn Townes was arraigned on the Class B misdemeanor charge of theft of property valued at $50.00 or more but less than $500.00. She pleaded guilty to that offense, and the trial court sentenced her to 180 days in jail, probated for fifteen months, and a $2,000.00 fine, $1,900.00 of which was probated. On January 26, 2009, the State filed its "First Amended Application to Revoke Community Supervision." Appellant filed her "Application for Writ of Habeas Corpus" on February 10, 2009, challenging the voluntariness of her guilty plea, and in particular, the waiver of her right to counsel. On April 14, 2009, the trial court held a hearing on the State's and Appellant's applications. The trial court denied Appellant's application for writ of habeas corpus. She timely appealed.

### WAIVER OF RIGHT TO COUNSEL AND VOLUNTARINESS OF GUILTY PLEA

In her sole issue, Appellant argues that her pre-guilty-plea waiver of counsel for the

underlying theft offense was not knowing, intelligent, and voluntary.

## Standard of Review

Appeals from the denial of relief sought in misdemeanor postconviction writs of habeas corpus are properly directed to the courts of appeals. *See Ex parte Jordan*, 659 S.W.2d 827, 828 (Tex. Crim. App. 1983); *Dahesh v. State*, 51 S.W.3d 300, 302 (Tex. App.–Houston [14th Dist.] 2000, pet. ref'd); *see also* TEX. R. APP. P. 31 (governing appeals from habeas corpus proceedings). Generally, we review a trial court's decision to grant or deny relief on a writ of habeas corpus for abuse of discretion. *Ex parte Wheeler*, 203 S.W.3d 317, 324 (Tex. Crim. App. 2006).

When reviewing a trial court's decision to grant or deny relief on a habeas application, we afford almost total deference to a trial court's factual findings, especially when those findings are based upon credibility and demeanor. *Ex parte White*, 160 S.W.3d 46, 50 (Tex. Crim. App. 2004). We afford the same amount of deference to the trial court's rulings on "applications of law to fact questions" if the resolution of those ultimate questions turns on an evaluation of credibility and demeanor. *See Ex parte Martin*, 6 S.W.3d 524, 526 (Tex. Crim. App. 1999). We review wholly legal conclusions de novo. See *Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex. Crim. App. 2003), *overruled in part on other grounds*, *Ex parte Lewis*, 219 S.W.3d 335, 371 (Tex. Crim. App. 2007); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).

An applicant seeking habeas corpus relief on the basis of an involuntary guilty plea must prove her claim by a preponderance of the evidence. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006). Delay in seeking habeas corpus relief may prejudice the credibility of the applicant's claim. *Id.* We view the record evidence in the light most favorable to the trial court's ruling and must uphold that ruling absent an abuse of discretion. *Id.*

## Applicable Law

When a criminal defendant chooses to waive her right to counsel in order to represent herself, her waiver should be made knowingly and intelligently, and she should be warned of the dangers and disadvantages accompanying such a waiver. *Faretta v. California*, 422 U.S. 806, 835-36, 95 S. Ct. 2525, 2541, 45 L.Ed.2d 562 (1975). "If a defendant wishes to waive [her] right to counsel, the court shall advise [her] of the dangers and disadvantages of self-representation. If the court determines that the waiver is voluntary and intelligently made, the court shall provide

the defendant with a statement [that the defendant waives counsel]." TEX. CODE CRIM. PROC. ANN. art. 1.051(g) (Vernon Supp. 2009).

When the defendant appears in court and confesses her guilt, however, "the issue is not whether the trial court admonished the accused of the dangers and disadvantages of self-representation, but rather, whether there was a knowing, voluntary, and intelligent waiver of counsel." *Hatten v. State*, 71 S.W.3d 332, 334 (Tex. Crim. App. 2002) (citing *Johnson v. State*, 614 S.W.2d 116, 119 (Tex. Crim. App. 1981) (op. on reh'g)); *see Blocker v. State*, 889 S.W.2d 506, 508 (Tex. App.–Houston [14th Dist.] 1994, no pet.). The Texas Court of Criminal Appeals has determined that *Faretta* "is not triggered when a defendant appears without an attorney to plead guilty or nolo contendere." *Hatten*, 71 S.W.3d at 334; *see Johnson v. State*, 614 S.W.2d at 119.

Also, a trial court generally is required to admonish the accused on a number of issues before accepting a plea of guilty. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13 (Vernon Supp. 2009). However, the legislature has not chosen to require these same admonishments for persons charged with misdemeanors, and the court of criminal appeals has consistently held that article 26.13 does not apply to misdemeanor cases. *See Gutierrez v. State*, 108 S.W.3d 304, 309 (Tex. Crim. App. 2003); *State v. Jimenez*, 987 S.W.2d 886, 889 (Tex. Crim. App. 1999).

Accordingly, a guilty plea and waiver of counsel, to be consistent with due process of law, must be entered knowingly, intelligently, and voluntarily. *See Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006). The decision to waive counsel is made "knowingly and intelligently" if it is made with a full understanding of the abandoned right to counsel. *Collier v. State*, 959 S.W.2d 621, 626 (Tex. Crim. App. 1997). The decision to waive counsel is made "voluntarily" if it is uncoerced. *Id.* Similarly, a guilty plea is "voluntary" if the plea is the expression of the defendant's own free will, not induced by threats, misrepresentations, or improper promises. *Kniatt*, 206 S.W.3d at 664. A defendant's sworn representation that her waiver of counsel and guilty plea are knowing, intelligent, and voluntary "constitute[s] a formidable barrier in any subsequent collateral proceedings." *Id.*

**Discussion**

Appellant argues that the trial court failed to admonish her on the dangers of self-representation, and in particular, that the conviction would remain on her record for the rest of

her life. Appellant pleaded guilty for misdemeanor theft. Thus, she was not entitled to any admonishments of the dangers of self-representation. *See **Hatten***, 71 S.W.3d at 334. Likewise, Appellant was not entitled to the statutory admonishments prior to the court's acceptance of her guilty plea under article 26.13 of the code of criminal procedure. *See **Jimenez***, 987 S.W.2d at 889. Consequently, the issue is whether she knowingly, intelligently, and voluntarily waived her right to counsel and entered her guilty plea. Appellant signed a written waiver of counsel, and testified at the habeas corpus hearing that she knew what it meant. Therefore, she bore a heavy burden in contesting the voluntariness of her guilty plea and waiver of counsel. *See **Kniatt***, 206 S.W.3d at 664.

Appellant contends that her guilty plea and her waiver of counsel were involuntary because of erroneous comments by the trial court that led her to conclude that she would not qualify for appointment of counsel. At her arraignment, the trial court stated as follows:

> Now, you're entitled to have a lawyer if you're indigent. Basically, if you're in jail, you're automatically indigent, qualify for a court-appointed attorney. If you're out of jail, you've got to bring me two years worth of tax returns, two years worth of paychecks, two years worth of your bills. Then I get to look at them and decide if you're indigent. Bottom line, if you're able to bond out of jail, you're not indigent.

Appointment of an attorney for a criminal defendant claiming indigent status cannot be denied on the sole basis that the defendant posted bail. *See* TEX. CODE CRIM. PROC. ANN. arts. 1.051, 26.04 (*l*), (m) (Vernon Supp. 2009). The court's statement that "[b]ottom line, if you're able to bond out of jail, you're not indigent," when viewed by itself, is contrary to the language of article 26.04. However, the remainder of the trial court's statement indicated that Appellant might be entitled to an attorney, provided she produced the required documents ("If you're out of jail . . . I get to look at [your tax returns, paychecks, and bills] and decide if you're indigent."). Appellant never asked for counsel or otherwise put the trial court on notice that she could not afford an attorney even though she posted bail.

Appellant claims further that she was under the impression that her tax returns, paychecks, and bills were required to be presented on the same day as her arraignment. However, nothing in the record supports this interpretation. Appellant also claims that the trial

4

court indicated that if she unsuccessfully attempted to demonstrate indigency, she would be subject to the maximum penalty for the crime alleged against her. This statement is also unsupported by the record. *Alvear v. State*, 25 S.W.3d 241, 246 (Tex. App.—San Antonio 2000, no pet.) (stating "[b]ald assertions by a defendant that his plea was involuntary are insufficient to overcome the presumption of regularity of the records"). Moreover, Appellant did not challenge the voluntariness of her plea and the waiver of her right to counsel until the State filed a motion to revoke Appellant's community supervision, over one year after her guilty plea.

Appellant testified at the habeas corpus hearing that she read the waiver, understood its contents, and knew that she waived her right to counsel by signing it. Notwithstanding the trial court's explanation of the process to obtain court appointed counsel, she cannot overcome the formidable barrier created by her written waiver. Because she pleaded guilty to misdemeanor theft, her article 1.051 written waiver constituted sufficient proof that she knowingly, voluntarily, and intelligently waived her right to counsel and entered her plea of guilt. *See, e.g., Sargent v. State*, No. 01-06-00786-CR, 2007 WL 2743673, at *3 (Tex. App.–Houston [1st Dist.] Sept. 20, 2007, no pet.) (mem. op., not designated for publication). She did not meet her burden to demonstrate that her guilty plea and waiver of counsel were not knowingly, intelligently, and voluntarily made. Therefore, the trial court did not abuse its discretion in denying habeas relief.

Appellant's sole issue is overruled.

## DISPOSITION

We *affirm* the judgment of the trial court.

**BRIAN HOYLE**
Justice

Opinion delivered March 10, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

5