COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| EX PARTE ALBERT BIVINS HILL, | § | No. 08-09-00135-CR |
| | § | |
| Appellant. | § | Appeal from the |
| | § | County Court at Law No. 6 |
| | § | of El Paso County, Texas |
| | § | (TC# 970C24624) |
| | § | |

**O P I N I O N**

Appellant, Albert Bivins Hill, appeals the trial court's denial of his application for post-conviction writ of habeas corpus. Finding no abuse of discretion, we affirm.

**BACKGROUND**

On December 18, 1997, Appellant was charged with the misdemeanor offense of driving while intoxicated. Two months later, Appellant appeared *pro se* and entered into a written plea agreement, where in exchange for his plea of guilty to the offense, he accepted a sentence of 180 days, probated for 15 months. The trial court assessed his sentence accordingly. However, eleven years later, Appellant filed an application for writ of habeas corpus, seeking to set aside his conviction on grounds that he was not admonished of the dangers and disadvantages of self-representation prior to pleading guilty and that he entered his plea without the assistance of counsel.

At the writ hearing, Appellant, recognizing that the Court of Criminal Appeals in *Hatten v. State*, 71 S.W.3d 332 (Tex. Crim. App. 2002), ruled against his position, reframed his issue as to whether a plea can be voluntarily and knowingly made absent the constitutional warnings. He then testified that prior to pleading guilty to the offense, he retained counsel. However, his counsel

passed away before his plea hearing, which he did not learn of until he arrived at the hearing. Appellant did not retain new counsel because it was too difficult for him to attend court based on his wife's deteriorating health. The court, according to Appellant, did not advise him of the dangers and disadvantages of self-representation but rather directed him to speak to the prosecutor. The prosecutor simply "gave [him] some papers to sign, which [he] signed." Appellant did not remember if the court explained the paperwork to him. Appellant believed that the procedure "was to go ahead and get it finished."

The State, in an effort to establish that Appellant's plea was knowing and voluntary, cross-examined Appellant, learning that prior to retiring from the United States Army as a Sergeant First Class, E7, Appellant was responsible for 50-500 soldiers. Appellant acknowledged that his position in the army was one of trust and responsibility, and required him to make knowing decisions. The State also established that Appellant, at the time of his plea, signed an admonishment of representation, which explained his right to counsel on the charged offense. But Appellant testified that he did not read that document "very well." However, Appellant admitted that he read and understood the plea admonishments, which noted the punishment range for the offense, his rights to counsel, to a trial, and to present evidence and witnesses, that he waived those rights, and that he pled freely and voluntarily to the charged offense. Appellant also admitted that he signed the plea agreement, and that he read, signed, and understood the judgment.

At the conclusion of the testimony and argument, the trial court found Appellant's testimony incredible and denied the writ application:

> After hearing the testimony and reviewing the file and the exhibits and taking judicial notice of the file from where the exhibits have come, I'm going to find – deny the Writ of Habeas Corpus based on the fact that Mr. Hill signed not in one place, but in – not in two places, but in three places the acknowledgment that he waived his rights, including the right to go to trial, review the documents, call witnesses. Additionally,

with the testimony that I heard today, that he was – that he is a retired E7, that matter pains me. It pains me deeply. Because I believe to say that an individual who has risen to the rank of E7 comes to court and doesn't read documents that are so important, I believe is a slap in the face to every NCO in the military then and in the military now. The caliber of soldier in the United States military, in my view, is incredible. What your contemporaries did in Vietnam and Korea, and what E6's and E7's are doing today, goes beyond heroic. And to say that an individual of that caliber did not know that he was knowingly and intelligently waiving these important rights, in my view, defiles the uniform of every NCO that has ever served this country. That does pain me, but the writ is denied.

## DISCUSSION

Appellant brings three issues on appeal. His first and second issues contend that his *pro se* guilty plea should be invalidated since the trial court failed to advise him of the dangers and disadvantages of self-representation before he pled guilty, and that his waiver of his right to counsel, in absence of those warnings, was not intelligently and knowingly made. Appellant's third issue asserts that prior to 2007, it was reversible error for the court to fail to warn a *pro se* defendant of the dangers and disadvantages of self-representation before accepting his guilty plea.

### *Standard of Review*

We review a trial court's decision to grant or deny relief on a post-conviction application for writ of habeas corpus under an abuse-of-discretion standard. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006). In so doing, we view the evidence in the light most favorable to the trial court's ruling. *Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex. Crim. App. 2003), *overruled in part on other grounds by Ex parte Lewis*, 219 S.W.3d 335, 371 (Tex. Crim. App. 2007). Recognizing that the trial judge, as fact finder at the writ hearing, was the exclusive judge of witness credibility, we afford almost total deference to the judge's determination of historical facts that are supported by the record. *Ex parte Amezquita*, 223 S.W.3d 363, 367 (Tex. Crim. App. 2006).

### *Applicable Law*

When a criminal defendant chooses to waive his right to counsel and proceed to trial *pro se*, that waiver should be knowingly and intelligently made, being first warned of the dangers and disadvantages of self-representation. *Faretta v. California*, 422 U.S. 806, 835-36, 95 S.Ct. 2525, 2541 (1975). However, *Faretta* is not triggered when a defendant chooses to appear in court *pro se* for the purpose of pleading guilty. *Hatten,* 71 S.W.3d at 334. At that point, "the issue is not whether the trial court admonished the accused of the dangers and disadvantages of self-representation . . . but rather whether there was a knowing, voluntary, and intelligent waiver of counsel." *Hatten*, 71 S.W.3d at 334, *citing Johnson v. State*, 614 S.W.2d 116, 119 (Tex. Crim. App. 1981) (op. on reh'g); *see Blocker v. State*, 889 S.W.2d 506, 508 (Tex. App.–Houston [14th Dist.] 1994, no pet.).

*Application*

Appellant's first and third issues assert that his waiver of his right to counsel was not knowingly and voluntarily made since the trial court failed to admonish him of the dangers and disadvantages of self-representation. *See Faretta*, 422 U.S. at 835. At the time of Appellant's plea, article 1.015(g) of the Texas Code of Criminal Procedure provided that if a defendant wished to waive his right to counsel, the court was required to advise him of the dangers and disadvantages of self-representation, and if the court determined that the waiver was voluntary and intelligently made, the court was required to provide the defendant with a statement that he waived counsel. *See* Acts 1987, 70th Leg., ch. 979, § 1, eff. Sept. 1, 1987, codified as TEX. CODE CRIM. PROC. ANN. art. 1.051(g). In 2007, the statute was amended, to require a court to admonish a defendant on the dangers and disadvantages of self-representation if the defendant wished to waived his right to counsel and "proceed[] to trial." *See* Acts 2007, 80th Leg., ch. 463, § 1, eff. Sept. 1, 2007, codified as TEX. CODE CRIM. PROC. ANN. art. 1.051(g) (Vernon Supp. 2009). According to Appellant, we should imply that the legislature, by adding the phrase "proceeding to trial," intended to require those

warnings in cases prior to 2007, where a defendant, instead of proceeding to trial without counsel, simply pled guilty. We disagree.

Prior to the amendment, the case law was well-settled that the *Faretta* admonishments were not required when a defendant chose to waive counsel and plead guilty to the charged offense. *See Hatten*, 71 S.W.3d at 334; *Johnson*, 614 S.W.2d at 119; *Barras v. State*, 902 S.W.2d 178, 180 (Tex. App.–El Paso 1995, pet. ref'd); *Cooper v. State*, 854 S.W.2d 303, 304 (Tex. App.–Austin 1993, no pet.). When the legislature, in 2007, chose to require the *Faretta* warnings in those cases where the defendant wanted to "proceed to trial" *pro se*, we believe the legislature was simply codifying the already well-established jurisprudence. *See, e.g., Keeton v. State*, 803 S.W.2d 304, 305 (Tex. Crim. App. 1991) (definition of value in Section 31.08(a)(1) of the Texas Penal Code was "a codification of the standard long established by case law"); *Johnson v. State*, 564 S.W.2d 707, 710 (Tex. Crim. App. 1978) (op. on reh'g) (by enacting article 46.02(2)(b) of the Texas Code of Criminal Procedure, the legislature sought to codify prior case law), *overruled on other grounds by Williams v. State*, 663 S.W.2d 832 (Tex. Crim. App. 1984).

In this case, Appellant, unlike in *Faretta*, did not elect to plead not guilty and to proceed to trial. Instead, he chose to plead guilty. The *Faretta* admonishments were not required under these circumstances. *See Johnson*, 614 S.W.2d at 119; *Barras*, 902 S.W.2d at 180; *Cooper*, 854 S.W.2d at 304. And the statute now in effect did not mean to make those admonishments required in cases where a defendant chose to plead guilty prior to 2007. Accordingly, because Appellant pled guilty, the court was not required to give the *Faretta* admonishments prior to accepting his waiver of counsel. We overrule Appellant's first and third issues.

Appellant's second issue contends that the record does not establish that he knowingly and intelligently waived his right to counsel. Contrary to Appellant's assertion, we find the record

replete with evidence establishing that he knowingly, voluntarily, and intelligently waived his right to counsel. Appellant signed a waiver form that indicated he was advised of his right to counsel, that if he was unable to afford counsel, counsel would be appointed free of charge, and that he wished to waive his right to the same and proceed with the case. In addition, Appellant read and signed the plea admonishments, which also concerned his right to counsel, to a trial, to present evidence and witnesses, and that he waived those rights. Further, Appellant read and signed the judgment, which again stated he waived his right to counsel, and he specifically testified that he knew he was pleading guilty and was not confused about pleading guilty. Nothing in the record suggests that Appellant was coerced or intimidated in any way into signing the waivers.

Despite this evidence, Appellant asserted at the hearing that he did not knowingly waive his right to counsel. The trial court, however, disbelieved, and was entitled to do so, Appellant's testimony, noting that he signed in three places that he waived his right to counsel and that as a E7 sergeant in the United States military, he was in position of trust and responsibility, which required him to make knowing decisions. *See Amezquita*, 223 S.W.3d at 367 (in habeas proceedings, "[v]irtually every fact finding involves a credibility determination" and "the fact finder is the exclusive judge of the credibility of the witnesses") (citations omitted). Finding no evidence of coercion or intimidation and that the executed documents sufficiently advised Appellant of his right to counsel and waiver of that right, we hold Appellant knowingly and voluntarily waived his right to counsel. *See Barras*, 902 S.W.2d at 181 (record sufficient to show knowing waiver of right to counsel when appellant signed two separate documents acknowledging that he was advised of his right to counsel and that he freely and voluntarily waived that right; there was no evidence to the contrary and no evidence that appellant was coerced or intimidated in any way into signing the written waivers); *Blocker*, 889 S.W.2d at 508-09 (holding evidence was sufficient to show a free,

voluntary, and intelligent waiver when appellant signed waiver statement and there was no evidence he was coerced or intimidated into signing the waiver).  Issue Two is overruled.

## CONCLUSION

Having overruled Appellant's three issues, we affirm the trial court's judgment.


GUADALUPE RIVERA, Justice

March 10, 2010

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)